**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| FORD MOTOR COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 99-121C<br>(Judge Merow) |

**JOINT STATUS REPORT**

Pursuant to this Court's direction, the parties have conferred as to the status of this suit, currently on remand from the Federal Circuit.

Plaintiff's Position

On June 8, 2005, the Government informed Plaintiff Ford Motor Company ("Ford") that although Ford's legal entitlement to reimbursement under its contract with the Government has been established, the Government's position is that the damages information supplied by Ford is insufficient to establish a quantum of recovery. While Ford disagrees with the Government's position, and believes that it has provided more than sufficient information to establish the amount by which it is legally entitled to be reimbursed, the parties believe that the most appropriate and efficient course of action for the Court to take at this time is for it to set this case for trial at the earliest practicable opportunity. Given the simplicity of the damages issues remaining in this

case, Ford believes that this case should not take more than a day, or at most, two days to try.

The Government has indicated that it believes it needs to conduct discovery regarding Ford's damages. The Government's position, Ford respectfully submits, is without merit. The Government has had the vast bulk of the figures relating to Ford's damages since 1999, when Ford submitted its summary judgment motion. Perhaps most important, as discussed below, since February of this year, the Government has had the benefit of over 100 days of informal discovery, during which time Government auditors have reviewed hundreds of documents and interviewed witnesses on multiple occasions. For these reasons, Ford does not believe there is a need for any discovery to precede trial.

The government's contention that no discovery has been conducted in this case elevates form over substance. On February 21 of this year, Ford supplied to the Government "Plaintiff's Statement of Claimed Costs And Supporting Schedules" ("Statement"). The Statement consisted of a detailed 5-page narrative discussion of the costs for which Ford was entitled to reimbursement, as well as more than 32 pages of attachments, which included three witness declarations and numerous supporting schedules. Since providing the Statement to the Government in February, Ford has gone to extraordinary lengths to accommodate requests for information it has received from the Defense Contract Audit Agency ("DCAA"). Among other things, Ford (1) has made its officials and outside attorneys available for multiple in-person and telephone inter-

views by the DCAA auditor[1]; (2) has made available to the DCAA, on multiple occasions, numerous boxes of source materials (including countless invoices, ledgers, and other accounting records) supporting the costs described in the Statement[2]; and (3) responded to numerous requests for additional information. In short, Ford has devoted considerable resources to working with the DCAA in a good faith effort to provide the Government with the information it needs to assess Ford's claim, and the Government has had multiple opportunities to review voluminous amounts of relevant documentation and to otherwise obtain information pertaining to Ford's damages.

In light of the extensive informal discovery that has taken place over the last 100 days, there is simply no need for the Government to engage in additional formal discovery.[3] At an absolute minimum, if the Court were to allow discovery, Ford respect-

[1] Three of the persons whose declarations are included in Ford's Statement – Kathy Hofer, Sharon Newlon, and Margaret Coughlin – have *each* met separately with the DCAA auditor on at least two occasions. In fact, Ms. Newlon has met with the DCAA auditor on at least four occasions, and Ms. Newlon, as well as Ford's counsel in this action, have spoken to the auditor by telephone on multiple occasions.

[2] In addition to making these documents available for the DCAA's inspection on multiple occasions, Ford has also offered, on multiple occasions, to provide the DCAA's auditor with copies or scanned images of any non-privileged documents he selected. The DCAA has taken Ford up on that offer with respect to numerous documents.

[3] The Government proposes that if the Court does not allow discovery, Ford's trial exhibits should be limited, pursuant to Paragraph 1(a) of the Order, to the materials attached to or summarized in Ford's Statement. To the extent that the Government is suggesting that the Order prohibits Ford from introducing at trial anything other than the materials included in the Statement, the Government is mistaken. Paragraph 1(b) of the Order makes clear that the "sources" for the items and figures listed in the Statement need not be included with the Statement. The Government has not articulated any reason why materials that have been made available to the Government on multiple occasions should not be admissible at trial.

fully requests that such discovery be limited to a thirty-day period. Such a period would provide the Government with more than enough time to pursue any remaining discovery it may legitimately believe it needs, and would minimize further delays in a case that has been pending in this Court since 1999.

The Government justifies its request for significant additional discovery in large part on its claim that Ford should be obligated to produce what the Government calls "direct proof" of its payment of the claimed costs, *i.e.*, cancelled checks or bank statements. The Government contends that Ford has simply "refused" to provide this information. The Government's discussion of the facts relating to this issue is at best incomplete.

As noted above, Ford has made available for the DCAA's review hundreds of documents evidencing the payments at issue. These documents include invoices, correspondence, and accounting ledgers. Ford has also provided witness declarations attesting to the costs claimed and payments made, and has made its officials and outside attorneys available for multiple interviews. This evidence has nevertheless been deemed insufficient by the DCAA, which is insisting that Ford provide the cancelled checks and bank statements relating to the payments at issue.

Ford has explained to the DCAA on multiple occasions, however, that it is highly unlikely that cancelled checks and bank statements relating to the scores of payments at

issue have been retained,[4] that it would be unduly burdensome for Ford to track down cancelled check and bank statements (even assuming that such records still exist) for multiple payments made over the course of a period lasting over a decade, and that such "remittance evidence" is simply unnecessary in light of the significant volume of reliable and admissible evidence relating to these payments that Ford has already made available to the DCAA.

In light of these facts, the Government cannot reasonably premise its contention that additional discovery is required on its demand for duplicative and unnecessary materials such as cancelled checks and bank statements. In any event, if the Court decides that additional limited discovery may be appropriate, Ford submits that there is a more efficient and expeditious way for the parties' dispute with respect to this issue to be resolved. Rather than await the service of document requests by the Government, service of a response by Ford, and the filing and briefing of discovery motions, Ford believes that the most efficient course would be for the Court to hold a short discovery conference to address the issue, which is essentially ripe for resolution right now. This will allow any remaining discovery to be completed more quickly and will not delay the trial.

[4] Ford has been informed that its bank has retained records from 1998 to the present. The vast bulk of the so-called "remittance evidence" requested by the DCAA relates to payments made before 1998.

Finally, Ford notes that it is available for a status conference or telephonic status conference to discuss the parties' competing proposals should the Court decide that such a conference would be helpful.

Defendant's Position

No discovery has been conducted in this case. During the briefing of cross-motions during 1999 and 2000, the Government expressly requested the Court to permit discovery regarding damages, if it ruled in Ford's favor as to liability, as the Federal Circuit has now done. The Government respectfully renews its request for a discovery period.

The core remaining disagreement between the parties is whether Ford should be obligated to produce direct proof of its payment of the claimed costs, such as canceled checks or bank statements. The DCAA requested that documentation; Ford refused to provide it. Because the audit process was not discovery, the Government has had no opportunity to press its arguments concerning the relevance and discoverability of that material, pursuant to Rule 26 of the Court's Rules ("RCFC"). The Government should need no more than 90 days of discovery, provided that Ford responds timely to RCFC 34 document requests and timely makes available a knowledgeable RCFC 30(b)(6) deponent. Additional time may be required if it is necessary for us to file a motion to compel production.

Alternatively, if the Court takes the unusual step of allowing us no discovery in this litigation, Ford's trial exhibits should be strictly limited, pursuant to ordering paragraph 1(a) of the Court's January 19 order, to the materials attached to, or summarized

in, Ford's February 21, 2005 statement of claimed costs, and later-produced information should be inadmissible.

Respectfully submitted,

s/Charles J. Cooper
Charles J. Cooper
Counsel of Record

Michael W. Kirk
Vincent J. Colatriano
Cooper & Kirk, PLLC
Suite 200
1500 K Street, N.W.
Washington, D.C. 20005
Phone: 202-220-9600
Fax: 202-220-9601

Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 305-7644

Attorneys for Defendant

June 10, 2005