# In the United States Court of Federal Claims

No. 99-121C
(Filed June 17, 2005)

**************************
FORD MOTOR COMPANY, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
**************************

**ORDER**

The Joint Status Reports, filed June 10, 2005, set forth the parties' belief that this case should now be set for trial. In this regard, consistent with the January 19, 2005 Order, the trial evidence proffered shall be limited to items and figures the parties have identified as contested on the schedules exchanged. This information is to be reflected in schedules prepared as trial exhibits.

The Joint Status Reports disclose that the parties are not in agreement concerning defendant's professed need for discovery. Defendant references thirty-four document requests and a RCFC 30(b)(6) deposition. Defendant states that the procedure pursuant to the January 19, 2005 Order was not discovery so that it had no opportunity to press its arguments for discovery of material such as cancelled checks or bank statements. This is not entirely correct. The January 19, 2005 procedure completed disclosure but was intended to obviate or reduce the need for formal discovery. If, in fact, such items as cancelled checks and bank statements were source material for the scheduled items and figures comprising plaintiff's asserted claim(s), defendant could have promptly raised the issue by moving to compel compliance with the January 19, 2005 Order and obtain a ruling regarding disclosure. *See L. Rosenman Corp. v. United States*, 203 Ct. Cl. 728 (1974). If, however, such items were not source material and were thus not disclosed to defendant's audit

personnel, they would also not be submitted or admissible at trial to support plaintiff's claim. Presumably, if not disclosed, plaintiff considers this material not necessary to establish entitlement to recovery of the amounts claimed. The Joint Status Report and prior summary judgment submissions do indicate that plaintiff intends to rely mainly on proof of its accounting system, invoices, book entries, and testimony to establish recoverable cost.

If defendant's legal position is that plaintiff's evidence, absent cancelled checks and bank statements, does not establish recoverable cost, defendant's need for discovery of this material at this time to support its case, is questionable. If, however, audit activity to date has raised reasonable questions as to the nature of plaintiff's accounting system for this site clean-up, or its accuracy in recording cost incurrence, the extra time and expense of extending defendant's audit activity, by discovery, to encompass whatever "payment" material such as any bank records or cancelled checks that exist, could be justified.

In the above circumstance, it is **ORDERED** that:

(1) Counsel confer with a view toward reaching agreement on a schedule for the exchanges and submissions required by ¶s 13-18, RCFC Appendix A;

(2) The conference pursuant to (1) also include discussion concerning a possible agreement by the parties for plaintiff to produce enough "payment" documents, such as cancelled checks and bank records, to permit reasonable verification activity by defendant, at least on a sampling basis, and so limit or obviate any need for the discovery defendant seeks prior to trial;

(3) If agreement pursuant to (2) cannot be reached, any remaining discovery controversy shall be promptly presented by appropriate motion(s) for resolution;

(4) On or before July 15, 2005, counsel file a proposed schedule(s) for the exchanges and submissions required by ¶s 13-18, RCFC Appendix A and information as to dates counsel are available for a pretrial conference and for trial thereafter, together with the trial time estimated to be required;

(5) The date for the submission(s) pursuant to (4) shall be suspended upon the filing of any motion pursuant to (3) and shall be re-set upon its resolution;

(6) Upon receipt of the information provided pursuant to (4), counsel will be contacted to insure their availability prior to issuing a scheduling order.

s/ James F. Merow
James F. Merow
Senior Judge