Cooper & Kirk
Lawyers
A Professional Limited Liability Company
Suite 200
1500 K Street, N.W.
Washington, D.C. 20005
(202) 220-9600
FAX (202) 220-9601

# FAX TRANSMISSION

**Send To:**

| No. | Name | Company | Fax Number | Phone Number |
|---|---|---|---|---|
| 1. | Kyle Chadwick | U.S. Dep't of Justice | 202-616-0476 | |

This fax transmission is intended only for the use of the individual to whom it is addressed and may contain information that is confidential or legally privileged. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are advised that dissemination, distribution, or copying of this transmission, or any disclosure of the information contained in this transmission, is strictly prohibited. If you have received this communication in error, please notify us immediately by a collect telephone call to (202) 220-9600 so we may arrange to retrieve this transmission at no cost to you.

**Number of Pages, Including Cover Sheet:** 50

**From:** Elisebeth C. Cook

**Date:** February 21, 2005

**Client No.** 143-2

**Comments:** Pursuant to the Court's January 19, 2005 Order. Hard copy will follow via U.S. Mail tomorrow.

Cooper & Kirk
Lawyers
A Professional Limited Liability Company
Suite 200
1500 K Street, N.W.
Washington, D.C. 20005

Michael W. Kirk
(202) 220-9671
mkirk@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

February 21, 2005

**BY FACSIMILE & U.S. MAIL**

Kyle Chadwick, Esq.
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W.
Attn.: Classification Unit, 8th Floor
Washington, D.C. 20530

Re: Ford Motor Company v. United States, No. 99-121C (Fed. Cl.)

Dear Mr. Chadwick:

In accordance with this Court's January 19, 2005 Order, please find attached schedules setting forth the amounts claimed in the above-referenced suit. Also pursuant to this Court's Order, we have attached a statement identifying the individuals who compiled the summaries, the relevant source materials, and their respective availabilities.

Please do not hesitate to call should you have any questions.

Sincerely,

Michael W. Kirk

Michael W. Kirk

Enclosure

# PLAINTIFF'S STATEMENT OF CLAIMED COSTS AND SUPPORTING SCHEDULES

Pursuant to this Court's January 19, 2005 Order, Plaintiff provides attached herewith schedules setting forth amounts claimed and a statement describing the sources for the figures listed, the location of the sources, and contact individuals. These schedules correspond to the amounts claimed in Plaintiff's Motion for Summary Judgment, filed December 21, 1999. The amounts claimed fall into three categories: (1) Ford-specific costs such as legal and expert fees; (2) payments by responsible parties directly to the IT Corporation, pro rated to reflect the costs allocable to Ford's performance under the Contract; and (3) payments by responsible parties through the Willow Run Trust Fund, pro rated to reflect the costs allocable to Ford's performance under the Contract.

1. Ford paid directly a total of $1,995,274.79 in attorney fees and $782,444.09 in expert fees defending the claims arising out of the environmental proceedings the Environmental Protection Agency and Michigan Department of Natural Resources brought. The schedules identifying these costs are attached as Attachment A, 2-5. As set forth in Ford's Motion for Summary Judgment, no less than 80 percent of this work was attributable to the Bomber Plant or to the allocation of costs as to Ford's operation of the Bomber Plant. Margaret A. Coughlin, the billing partner and lead outside lawyer on the matter, based the schedules and claimed costs on a review of Dickinson, Wright and expert invoices. Ms. Coughlin also determined that a portion of the fees incurred were singularly segregable and 100 percent allocable to the Bomber Plant. Ms.

Coughlin's declaration explaining her conclusions is attached as Attachment A1. Ms. Coughlin's contact information is as follows:

Margaret A. Coughlin
38525 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304-2970

Ms. Coughlin and the source material (invoices and correspondence) will be made available upon request of the United States, at the above address.

Ford's Office of General Counsel assisted in preparing the schedules by providing information from Ford's general ledger. Ms. Kathy Hofer is available as a point of contact to that office, and to answer questions that may arise as to the general ledger and supporting bills and invoices. Her contact information is as follows:

Kathy J. Hofer, Esq.
Ford Motor Company
Office of the General Counsel
Suite 1500 - Parklane Towers West
Three Parklane Boulevard
Dearborn, MI 48126-2493

Ms. Hofer and the source material (including portions of the general ledger) will be made available upon request of the United States at the above-listed location.

2. Ford incurred costs of no less than $3,843,616.75 in direct payments to the IT Corporation for remediation of environmental damage to property at the Site arising from performance of the Contract. As set forth in the Motion for Summary Judgment, this figure represents 9.763 percent of the total $39,369,218.03 that Ford and GM together have paid to IT Corporation. The 9.763 percent figure represents the portion of costs allocable to remediation of environmental damage to property at the Site arising

from performance of the Contract. Mr. Charles Tisdale, the arbitrator, prepared the schedule, attached as Attachment B2, setting forth the 9.763 percent allocation, and his contact information is as follows:

Charles Tisdale,
King & Spalding, LLP
191 Peachtree Street
Atlanta, GA 30303

Mr. Tisdale's explanatory declaration is attached as Attachment B1. Mr. Tisdale can be available upon request of the United States answer any questions as to Attachment B. However, as set forth in Ford's Motion for Summary Judgment, the precise allocation between the responsible parties is subject to a confidentiality provision, rendering the source material unavailable.

Ms. Sharon R. Newlon prepared the schedule, attached as Attachment C2, setting forth the no less than $39,369,218.03 paid by Ford and GM directly to IT Corporation, as of 1999, based on a review of contemporaneous documents and with assistance from the consulting firm of Conestoga-Rovers & Associates and Ford's Office of General Counsel. These contemporaneous documents included "Payment Certificates" and correspondence. Ms. Newlon's explanatory declaration is attached as Attachment C1. Ms. Newlon's contact information is as follows:

Sharon R. Newlon
500 Woodward Avenue, Suite 4000
Detroit, MI 48226-3425

Ms. Newlon is available, with the source materials, to answer any questions that might arise as to direct payments to the IT Corporation. Ms. Hofer (contact information above) is also available as a point of contact for Ford's Office of General Counsel.

The source material for Attachment C will be made available at Ms. Newlon's office (listed above), and Ms. Newlon and the supporting documentation can be available upon request from the United States.

3. Ford incurred costs of no less than $1,114,598.26 in remediation of environmental damage to property at the Site arising from performance of the Contract, as paid through the Willow Run Trust Fund. As set forth in the Motion for Summary Judgment, these costs of $1,114,598.26 represent 9.763 percent (see Attachment B1 and B2) of the total $11,416,555.04 expenditures from the Willow Run Trust Fund. The itemized expenditures from the Willow Run Trust Fund are set forth in Attachment C3, which was prepared by Sharon R. Newlon (contact information above) based on a review of the Trust Fund account records. These account records include, *inter alia*: (1) computer ledger records from 1988 through November 1991 (with handwritten notes); (2) handwritten ledger pages through February 1998; (3) computerized ledger pages for the balance; and (4) invoices. Ms. Newlon's explanatory declaration is attached at Attachment C1. Ms. Newlon will be available with the Trust Fund account records to answer any questions. As these materials reflect both payments in and payments out, and given that the precise allocation between the PRPs is confidential, the materials will be redacted for any audit. Ms. Newlon has further confirmed that those items

previously designated "pending" on Attachment C3 have been paid, and continues to update the schedules to the present date.

The source material for Attachment C3 and Ms. Newlon will be made available at Ms. Newlon's office (listed above), upon request from the United States.

4. Pursuant to section 6(f) of the Act, 41 U.S.C. § 106(f), Ford is entitled to interest at 2.5 percent per year on the amounts due from the Government under the Contract.

5. Counsel for Ford requests that any requests to review source material or to speak with individuals who were involved in preparation of the schedules be directed to Counsel of Record, Michael W. Kirk.

# Attachment A1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FORD MOTOR COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 99-121C<br>(Judge Merow) |

DECLARATION OF MARGARET A. COUGHLIN

I, MARGARET A. COUGHLIN, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a Member of the Environmental Practice Group of the law firm Dickinson Wright PLLC ("Dickinson Wright"). Since June 1988, I have represented Ford Motor Company ("Ford") as outside counsel in matters related to the environmental cleanup of the Willow Run Creek Area Site (the "Site") located in Wayne and Washtenaw Counties, Michigan. Prior to joining Dickinson Wright in 1988, I was a Senior Attorney at Ford Motor Company. My responsibilities at Ford included handling legal issues related to the Site. I am familiar with the facts and circumstances regarding the Site from 1987 to the present.

2. In 1988, the Environmental Protection Agency ("EPA") issued a special notice to Ford and General Motors Corporation ("GM"), among others,

pursuant to § 122(e) of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* This special notice informed Ford and GM, among others, of their potential liability for costs associated with cleaning up the Willow Run Sludge Lagoon ("WRSL") and offered them the opportunity to conduct a remedial investigation and feasibility study ("RI/FS") at the WRSL.

3. Ford and GM entered into an Administrative Order by Consent with the EPA, obligating Ford and GM to perform the RI/FS at the WRSL. The purpose of the RI/FS was to determine the nature and extent of environmental contamination at, to, or from the WRSL and to evaluate what, if any, remediation was necessary to repair or mitigate the damage. Without admitting any liability, Ford and GM entered into the Administrative Order by Consent with the EPA in recognition of their status as "potentially responsible parties" ("PRPs") with reference to the WRSL. A copy of the Administrative Order by Consent is attached as Exhibit 1.

4. Following completion of the WRSL RI/FS and an Engineering Evaluation/Cost Analysis by EPA with respect to the broader Willow Run Creek Area, including the WRSL, the Michigan Department of Natural Resources ("MDNR," now the Michigan Department of Environmental Quality) asserted a claim that Ford, GM, and other PRPs were responsible for performing a multi-million dollar cleanup of the Site. MDNR's claim was resolved by a Consent Judgment entered in the Circuit Court of Ingham County, Michigan ("the

Michigan Consent Judgment"). The Michigan Consent Judgment incorporated the PRPs' proposed remedy, which was to excavate the impacted soil and sediment and dispose of it on site in a specially designed landfill. This remedy was substantially more cost effective than EPA's preferred remedy, which involved excavation, thermal treatment, and disposal in an off-site landfill. A copy of the Michigan Consent Judgment is attached as Exhibit 2. While Ford did not thereby admit any liability, the Michigan Consent Judgment did constitute a binding judgment requiring Ford to incur costs for remediation of environmental damage to property attributed, in part, to Ford's manufacture and production of B-24 Liberator bombers and spare parts at the Willow Run Bomber Plant between 1941 and 1945.

5. Ford and GM agreed to enter binding arbitration to allocate costs related to the Site between them as PRPs. Interim agreements were made by Ford and GM for the initial funding of the work required of Ford and GM pursuant to the Administrative Order by Consent and the Consent Judgment. These interim agreements were subject to reconciliation with the final arbitration. Contributions to the Willow Run Trust Fund and direct payments to IT Corporation were made by Ford and GM in accordance with the agreements and were reconciled following the Arbitrator's decision -- subsequent contributions have been made in the proportions established by the Arbitrator.

6. The Arbitration proceedings involved the apportionment of responsibility for environmental damage to Tyler Pond, Willow Run Creek, and

Edison Pond among Ford's Bomber Plant operations; GM's subsequent operations housed in the Bomber Plant facilities after 1951; and Ford's operations at its Rawsonville and Ypsilanti Plants. As between Ford and GM, the Arbitrator allocated 9.763 percent to Ford, attributable to Ford's operation of the Willow Run Bomber Plant between 1941 and 1945. Additional responsibility was allocated to Ford, over and above the 9.763 percent arising from the operation of the Bomber Plant, based on its operation of plants in Rawsonville and Ypsilanti. The remainder was allocated to GM.

7. Ford and GM pay separately and directly for certain fees incurred retaining outside counsel, experts, and consultants in connection with their defense of the environmental claims concerning the Site. As the billing partner and lead attorney in this matter, I am familiar with the proportion of Ford's separate costs which can be attributed to defending the environmental claims arising from Ford's manufacturing and distribution operations at the Bomber Plant between 1941 and 1945.

8. As an initial matter, considerably more time and effort was required to investigate and litigate issues concerning the flow sources from the Bomber Plant as contrasted with similar inquiries for the Ford facilities located in Rawsonville and Ypsilanti. For example, the latter plants were newer, and had a single, metered flow source. The Bomber Plant, last used by Ford in 1945, had multiple flow sources and sparse records for both GM's and Ford's operations and most of the expert and consultant time was spent on waste streams from

facilities located at the Bomber Plant. Further, because the overwhelming majority of the environmental damage was attributed to flow sources and waste streams at, to, or from the Bomber Plant facility, almost all of my and my colleagues' time during allocation was spent contesting the percentage of responsibility to be allocated to Ford's operation of the Bomber Plant as opposed to GM's later operations at the same facility.

9. Ford invoices, which include direct costs for outside counsel and consultants related to the Willow Run Sludge Lagoon and Willow Run Creek Area Sites, are attached as Exhibits 3-6. Exhibit 3 is Ford General Invoice Information for Account # MM0439, the Willow Run Sludge Lagoon account. At the time the services charged to this Account were provided, we believed that the issues focused solely and exclusively on the Bomber Plant, and that neither Ford's Rawsonville nor Ypsilanti plant locations contributed sludges or waste streams to the Willow Run Sludge Lagoon. In later years, we found that this was not entirely accurate. Consequently, rather than allocating 100 percent of the work paid from this account to the Bomber Plant, it is more conservative to allocate the costs consistently with the time spent on the overall allocation efforts. As a conservative figure, more than 80 percent of this account is attributable to the Bomber Plant. Of the total amount, $767,238.93, fees totaling $69,894.82 are attributable to issues related to determining Ford's rights under Ford's contract with the Government to operate the Bomber Plant. Of the remainder, totaling $697,344.11, for the reasons described in ¶ 8, at least 80

percent, or $557,875.28, is attributable to the defense of claims arising out of Ford's performance of the contract at the Bomber Plant.

10. Exhibit 4 is Ford General Invoice Information for Account 101859. This Willow Run Creek Area Account covers two categories of payments. Entries in the first category are for the payment period prior to January 1995. These payments, totaling $155,686.00, covered services provided in the proceedings leading to the Michigan Consent Judgment. For the reasons described in ¶ 8, it is conservative to allocate at least 80 percent of these expenditures to the Bomber Plant. Thus, 80 percent of $155,686.00, or $124,548.80, is attributable to the defense of claims arising out of Ford's performance of the contract at the Bomber Plant.

11. The second category of payments reflected on the Willow Run Creek Area Account covers the payment period after December 1995. Ford outside counsel payments in this period cover services in conjunction with the allocation of costs related to the Site between Ford and GM. The total costs from the allocation services reflected in this category are $1,101,526.55. Of this amount, for the reasons delineated in ¶ 8 above, no less than 80 percent, or $881,221.00, is attributable to the defense of claims arising out of Ford's performance of the contract at the Bomber Plant.

12. Exhibit 5 is Ford General Invoice Information for Account 110283, the Dickinson Wright Flat Fee Sites Account. In 1996 and 1997, Dickinson Wright performed certain services billed to this Flat Fee Sites Account, totaling

$96,496.62. Some services were related to the allocation efforts for the Site, some were for other unrelated environmental matters. I have reviewed our invoices and determined which services were related to the Site. Of the total, $40,718.13 of the fees paid from this account are attributable to allocation efforts at the Site.[1] For the reasons described in ¶ 8, no less than 80 percent of these fees, or $32,574.50, is attributable to the defense of claims arising out of Ford's performance of the contract at the Bomber Plant.

13. Exhibit 6 depicts direct payments Ford made to outside experts and consultants in conjunction with the Site. The consultants were involved at different times, for different purposes. Consequently, it is possible to meaningfully ascribe the services provided on a percentage basis to the defense of claims arising out of Ford's performance of the contract at the Bomber Plant. The outside consultants fall into two categories.[2]

14. The first category is comprised of expert and consultant services provided in relation to the Bomber Plant. These services were provided by James Meenahan and Michael Madarasz, cost a total of $4,995.00, and related solely to the Bomber Plant. Payments for services related solely to the Bomber

---

[1] Conversely, the circled payments on this General Invoice Information are wholly attributable to unrelated sites. Of the uncircled payments for services rendered in connection with the Site in 1996, $404.43 covered services in connection with defense of Ford's right under a government contract. Based on a review of pro forma invoices, of the ten uncircled flat $3,000 payments in 1997, $8,678.00 of the payments was for services rendered for other environmental sites.

[2] Payments to C.S. Consulting, totaling $4,847.50, were for services unrelated to Ford's performance of the contract at the Bomber Plant and are not included in either category.

Plant can, by definition, be wholly ascribed to the defense of claims arising out of Ford's performance of the contract at the Bomber Plant.

15. The second category is comprised of expert and consultant services provided in conjunction with the Arbitration for the allocation of costs related to the Site between Ford and GM. The remainder of the payments on Exhibit 6, totaling $777,449.09, were for experts and consultants for these allocation-related services. For the reasons described in ¶ 8 above, at least 80 percent of the payment for services related to the allocation of costs between Ford and GM, or $621,959.27, can be meaningfully ascribed to the defense of claims arising out of Ford's performance of the contract at the Bomber Plant.

16. I was extremely conservative in allocating the above percentage of expenditures to the Bomber Plant. For outside counsel, experts, and consultants, the vast majority of both the time expended, and the issues grappled with, revolved around buildings and waste streams at, to, or from the Bomber Plant facility.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 13, 1999

Margaret A. Coughlin

# Attachment A2

Office of the General Counsel
Privileged and Confidential
General Invoice Information

age: 1
/23/98

| er ID | Dept | Handler | Matter | Firm | Inv Period | RisDt | Type | Batch # | Contract Ind. | AP Dept | Fees | Disb | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05039 | 39 | KHOFER | FONZ-WILLOW RUN (MM0439) | MI75 | | 1/ 7/92 | A | | REG | K99 | -$11,300.00 | $0.00 | -$11,300.00 |
| 08043 | 39 | KHOFER | FONZ-WILLOW RUN (MM0439) | MI75 | 12/ 1/91-2/29/92 | 6/19/92 | A | 10187 | REG | K99 | $46,996.50 | $5,082.10 | $52,078.60 |
| 12289 | 39 | KHOFER | WILLOW RUN SLUDGE (MM0439) | MI75 | 5/ 1/92-6/30/92 | 11/13/92 | A | 10276 | REG | K99 | $18,661.91 | $667.06 | $19,328.97 |
| 12290 | 39 | KHOFER | WILLOW RUN SLUDGE (MM0439) | MI75 | 3/ 1/92-4/30/92 | 11/13/92 | A | 10276 | REG | K99 | $14,768.41 | $924.38 | $15,692.79 |
| 12340 | 39 | KHOFER | WILLOW (MM0439) | MI75 | 7/ 1/92-7/31/92 | 11/13/92 | A | 10276 | REG | K99 | $7,876.00 | $275.35 | $8,151.35 |
| 16966 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 8/ 1/92-10/31/92 | 12/14/92 | A | 10291 | REG | K99 | $19,309.00 | $547.14 | $19,856.14 |
| 18103 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 11/ 1/92-11/30/92 | 12/18/92 | A | 10295 | REG | K99 | $11,738.00 | $806.13 | $12,544.13 |
| 20896 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 12/ 1/92-12/31/92 | 5/18/93 | A | 10372 | REG | K99 | $5,269.50 | $140.08 | $5,409.58 |
| 21863 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 1/ 1/93-1/31/93 | 5/18/93 | A | 10372 | REG | K99 | $8,240.00 | $314.28 | $8,554.28 |
| 23712 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 2/ 1/93-2/28/93 | 6/15/93 | A | 10382 | REG | K99 | $6,452.50 | $281.60 | $6,734.10 |
| 23715 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 1/ 1/93-1/31/93 | 6/15/93 | A | 10382 | REG | K99 | $8,240.00 | $314.28 | $8,554.28 |
| 24248 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | CA9P | 2/ 1/93-3/31/93 | 4/29/93 | A | 10364 | REG | K99 | $12,400.00 | $31.86 | $12,431.86 |
| 25495 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 3/ 1/93-3/31/93 | 8/ 5/93 | A | 10405 | REG | K99 | $9,463.50 | $428.85 | $9,892.35 |
| 25579 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | CA9P | 4/ 1/93-5/10/93 | 5/20/93 | A | 10374 | REG | K99 | $2,900.00 | $5.38 | $2,905.38 |
| 26569 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 4/ 1/93-4/30/93 | 9/30/93 | A | 10435 | REG | K99 | $19,559.00 | $963.49 | $20,522.49 |
| 30320 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 6/ 1/93-6/30/93 | 11/30/93 | A | 10465 | REG | K99 | $29,231.00 | $1,513.68 | $30,744.68 |
| 31485 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 7/ 1/93-7/31/93 | 11/30/93 | A | 10465 | REG | K99 | $32,406.00 | $1,503.66 | $33,909.66 |
| 32713 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | | 10/11/93 | A | | REG | K99 | -$8,240.00 | -$314.28 | -$8,554.28 |
| 35098 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 9/ 1/93-9/30/93 | 12/14/93 | A | 10472 | REG | K99 | $44,073.00 | $2,348.24 | $46,421.24 |
| 36315 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 5/ 1/93-5/31/93 | 12/ 6/93 | A | 10466 | REG | K99 | $11,948.00 | $492.52 | $12,440.52 |
| 38028 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 10/ 1/93-10/31/93 | 12/22/93 | A | 10478 | REG | K99 | $7,092.50 | $393.34 | $7,485.84 |
| 38301 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 12/ 1/93-12/31/93 | 12/31/93 | A | | REG | K99 | $10,000.00 | $250.00 | $10,250.00 |
| 38302 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 12/ 1/93-12/31/93 | 1/14/94 | A | | REG | K99 | -$10,000.00 | -$250.00 | -$10,250.00 |
| 38388 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | CA9P | 9/20/93-9/27/93 | 12/21/93 | A | 10477 | REG | K99 | $600.00 | $0.00 | $600.00 |
| 38490 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 11/ 1/93-11/30/93 | 12/22/93 | A | 10478 | REG | K99 | $2,080.50 | $310.35 | $2,390.85 |
| 141969 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 12/ 1/93-12/31/93 | 3/22/94 | A | 10516 | REG | K99 | $11,364.00 | $604.24 | $11,968.24 |
| 143929 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 1/ 1/94-1/31/94 | 4/ 7/94 | A | 10523 | REG | K99 | $7,172.50 | $192.07 | $7,364.57 |
| 148245 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 2/ 1/94-2/28/94 | 6/ 6/94 | I | 10551 | REG | | $9,165.00 | $230.65 | $9,395.65 |
| 153266 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 4/ 1/94-4/30/94 | 8/22/94 | I | 10593 | REG | | $12,156.00 | $1,634.73 | $13,790.73 |
| 153267 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 3/ 1/94-3/31/94 | 8/22/94 | I | 10593 | REG | | $22,467.50 | $121.47 | $22,588.97 |
| 156804 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 5/ 1/94-5/31/94 | 10/28/94 | I | 10629 | REG | | $27,498.00 | $1,474.58 | $28,972.58 |
| 163484 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 8/ 1/94-8/31/94 | 12/ 9/94 | I | 10652 | REG | | $5,426.75 | $383.81 | $5,810.56 |
| 163485 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 7/ 1/94-7/31/94 | 12/ 9/94 | I | 10652 | REG | | $13,806.00 | $82.78 | $13,888.78 |
| 163486 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 6/ 1/94-6/30/94 | 12/ 9/94 | I | 10652 | REG | | $15,228.50 | $929.09 | $16,157.59 |
| 165892 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 9/ 1/94-10/31/94 | 12/19/94 | I | 10658 | REG | | $1,318.00 | $159.35 | $1,477.35 |
| 166962 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | MI75 | 11/ 1/94-11/30/94 | 12/22/94 | I | 10661 | REG | | $1,470.00 | $92.53 | $1,562.53 |
| 199616 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | CA9P | 1/ 2/95-7/31/95 | 11/ 3/95 | I | 10816 | REG | | $2,000.00 | $26.10 | $2,026.10 |
| 111768 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | CA9P | 8/ 1/95-1/29/96 | 2/ 6/96 | I | 10100 | REG | | $3,000.00 | $31.00 | $3,031.00 |
| 125157 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | CA9P | 2/ 1/96-5/22/96 | 6/ 5/96 | I | 10152 | REG | | $5,500.00 | $23.98 | $5,523.98 |

Office of the General Counsel
Privileged and Confidential
General Invoice Information

| ey ID | Dept | Handler | Matter | Firm | Inv Period | RlsDt | Type | Batch # | Contract Ind. | AP Dept | Fees | Disb | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 50746 | 39 | KHOFER | WILLOW RUN SLUDGE L (MM0439) | DC74 | 12/ 1/96-12/31/96 | 12/18/96 | I | 10256 | REG | | $7,700.00 | $0.00 | $7,700.00 |
| 6230 | 39 | | REPRESENTS AMOUNTS (MM0439) (1988-1991) | ESIS | | 12/31/91 | | | REG | | $281,359.50 | $17,825.99 | $299,185.49 |

\# Invoices: 41

Total : $ 767,238.93

(Circled amounts) −34,216.32

$ 733,020.61

TEL:313 390 3083

JAN.-27'98(TUE) 12:32 FORD OGC ENV MATTERS



BPSAHOC2.RPT

# Attachment A3

**Office of the General Counsel**
**Privileged and Confidential**
**General Invoice Information**

Page: 1
1/23/98

| Key ID | Dept | Handler | Matter | Firm | Inv Period | RiskDt | Type | Batch # | Contract Ind. | AP Dept | Fees | Disb | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 163487 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 7/ 1/94-7/31/94 | 11/23/94 | I | 10645 | REG | | $16,601.00 | $66.13 | $16,667.13 |
| 163488 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 8/ 1/94-8/31/94 | 11/23/94 | I | 10645 | REG | | $19,837.50 | $0.00 | $19,837.50 |
| 165894 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 10/ 1/94-10/31/94 | 12/20/94 | I | 10659 | REG | | $53,394.00 | $231.90 | $53,625.90 |
| 166232 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 9/ 1/94-9/30/94 | 12/13/94 | I | 10654 | REG | | $24,458.00 | $99.87 | $24,557.87 |
| 166961 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 11/ 1/94-11/30/94 | 12/22/94 | I | 10661 | REG | | $22,552.50 | $51.33 | $22,603.83 |
| 173628 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 12/ 1/94-12/31/95 | 3/ 8/95 | I | 10690 | REG | | $18,843.00 | $81.78 | $18,924.78 |
| 174842 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | GA91 | 1/17/95-1/31/95 | 3/ 8/95 | I | 10690 | REG | | $1,194.75 | $214.20 | $1,408.95 |
| 176764 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 1/ 1/95-1/31/95 | 5/24/95 | I | 10726 | REG | | $46,812.50 | $1,639.67 | $48,452.17 |
| 181284 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 1/23/95-2/28/95 | 5/26/95 | I | 10727 | REG | | $134,922.00 | $2,311.22 | $137,233.22 |
| 181285 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 3/ 1/95-3/31/95 | 5/26/95 | I | 10727 | REG | | $136,445.00 | $7,883.57 | $144,328.57 |
| 185417 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 4/ 1/95-4/30/95 | 7/ 7/95 | I | 10748 | REG | | $62,558.50 | $5,803.00 | $68,361.50 |
| 198676 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 6/ 1/95-6/30/95 | 11/16/95 | I | 10825 | REG | | $57,049.50 | $5,096.71 | $62,146.21 |
| 198677 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 7/ 1/95-7/31/95 | 11/16/95 | I | 10825 | REG | | $25,000.00 | $2,123.36 | $27,123.36 |
| 199615 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 5/ 1/95-5/31/95 | 11/ 3/95 | I | 10816 | REG | | $43,665.50 | $6,255.65 | $49,921.15 |
| 200185 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 8/ 1/95-8/31/95 | 11/16/95 | I | 10825 | REG | | $25,000.00 | $4,410.30 | $29,410.30 |
| 200186 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 9/ 1/95-9/30/95 | 11/16/95 | I | 10825 | REG | | $25,000.00 | $518.75 | $25,518.75 |
| 205392 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 12/ 1/95-12/31/95 | 12/22/95 | I | 10845 | REG | | $25,000.00 | $0.00 | $25,000.00 |
| 205513 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 11/ 1/95-11/30/95 | 12/22/95 | I | 10845 | REG | | $25,000.00 | $0.00 | $25,000.00 |
| 205514 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 10/ 1/95-10/31/95 | 12/22/95 | I | 10845 | REG | | $25,000.00 | $1,138.51 | $26,138.51 |
| 250129 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 1/ 1/96-12/31/96 | 12/13/96 | I | 10253 | REG | | $200,000.00 | $0.00 | $200,000.00 |
| 250130 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 1/ 1/96-12/31/96 | 12/13/96 | I | 10253 | REG | | $130,000.00 | $0.00 | $130,000.00 |
| 250131 | 39 | KHOFER | WILLOW RUN CREEK AR (101859) | MI75 | 12/ 1/96-12/31/96 | 12/13/96 | I | 10253 | REG | | $30,000.00 | $0.00 | $30,000.00 |
| 303688 | 39 | JPHILLI6 | WILLOW RUN CREEK AR (101859) | MI75 | 1/ 1/97-8/31/97 | 9/15/97 | I | 10406 | REG | | $50,000.00 | $0.00 | $50,000.00 |
| 310203 | 39 | JPHILLI6 | WILLOW RUN CREEK AR (101859) | MI75 | 4/26/97-7/31/97 | 12/ 9/97 | I | 10466 | REG | | $0.00 | $5,952.85 | $5,952.85 |
| 310768 | 50 | JPHILLI6 | WILLOW RUN CREEK AR (101859) | MI75 | 12/ 1/97-12/31/97 | 12/16/97 | A | 10471 | REG | K99 | $15,000.00 | $0.00 | $15,000.00 |

**# Invoices:** 25 **Total :** $ 1,257,212.55

BRSAHOC2.RPT

00179

# Attachment A4

Page: 1
1/23/98

Office of the General Counsel
Privileged and Confidential
General Invoice Information

1996

| Key ID | Dept | Handler | Matter | Firm | Inv Period | RisDt | Type | Batch # | Contract Ind. | AP Dept | Fees | Disb | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 229799 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 1/ 1/96-1/31/96 | 7/15/96 | A | 10174 | REG | K99 | $3,676.00 | $0.00 | $3,676.00 |
| 229800 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 2/ 1/96-2/29/96 | 7/ 9/96 | A | 10170 | REG | K99 | $3,616.00 | $0.00 | $3,616.00 |
| 229801 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 3/ 1/96-3/31/96 | 7/ 9/96 | A | 10170 | REG | K99 | $2,523.00 | $0.00 | $2,523.00 |
| 231053 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 2/ 1/96-2/29/96 | 7/23/96 | E | 10178 | REG | K97 | $533.50 | $6.25 | $539.75 |
| 231054 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 3/ 1/96-3/31/96 | 7/23/96 | E | 10178 | REG | K97 | $323.00 | $74.31 | $397.31 |
| 231055 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 1/ 2/96-1/31/96 | 7/23/96 | E | 10178 | REG | K97 | $439.50 | $0.80 | $440.30 |
| 232068 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 5/ 1/96-5/30/96 | 7/30/96 | E | 10181 | REG | K97 | $2,595.00 | $0.00 | $2,595.00 |
| 232069 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 4/ 2/96-4/29/96 | 7/30/96 | E | 10181 | REG | K97 | $2,836.00 | $0.00 | $2,836.00 |
| 233694 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 2/ 9/96-2/22/96 | 8/ 7/96 | E | 10185 | REG | K97 | $82.50 | $2.43 | $84.93 |
| 234395 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 3/20/96-4/29/96 | 8/14/96 | E | 10188 | REG | K97 | $207.35 | $0.00 | $207.35 |
| 234396 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 2/ 7/96-3/19/96 | 8/14/96 | E | 10188 | REG | K97 | $565.50 | $10.29 | $575.79 |
| 238879 | 50 | | DW FLAT FEE SITES (110283) | M175 | 7/ 3/96-7/23/96 | 11/26/96 | A | 10247 | REG | K99 | $464.00 | $4.50 | $468.50 |
| 240689 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 5/31/96-6/28/96 | 10/ 3/96 | E | 10215 | REG | K97 | $1,845.00 | $0.00 | $1,845.00 |
| 241524 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 4/ 1/96-5/31/96 | 10/11/96 | E | 10220 | REG | K97 | $527.50 | $33.40 | $560.90 |
| 242125 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 6/19/96-6/26/96 | 10/16/96 | E | 10222 | REG | K97 | $610.00 | $0.00 | $610.00 |
| 246720 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 6/19/96-6/26/96 | 11/21/96 | E | | REG | K97 | -$10,564.85 | -$127.48 | -$10,692.33 |
| 246721 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 6/19/96-6/26/96 | 11/21/96 | A | | REG | K99 | $10,564.85 | $127.48 | $10,692.33 |
| 246761 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 9/ 5/96-9/23/96 | 12/ 6/96 | A | 10250 | REG | K99 | $342.00 | $0.00 | $342.00 |
| 246762 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 9/ 5/96-9/ 5/96 | 12/ 6/96 | A | 10250 | REG | K99 | $33.00 | $0.00 | $33.00 |
| 246798 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 9/ 4/96-9/30/96 | 12/16/96 | A | 10254 | REG | K99 | $3,132.50 | $40.65 | $3,173.15 |
| 249015 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 5/ 2/96-8/28/96 | 12/ 6/96 | A | 10250 | REG | K99 | $159.50 | $6.40 | $165.90 |
| 249016 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 1/ 1/96-1/31/96 | 12/ 6/96 | A | 10250 | REG | K99 | $49.50 | $0.00 | $49.50 |
| 249017 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 4/ 1/96-4/ 1/96 | 12/ 6/96 | A | 10250 | REG | K99 | $75.00 | $68.45 | $143.45 |
| 249019 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 3/19/96-3/28/96 | 12/ 6/96 | A | 10250 | REG | K99 | $525.00 | $25.50 | $550.50 |
| 249020 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 8/ 8/96-8/28/96 | 12/ 6/96 | A | 10250 | REG | K99 | $1,440.00 | $303.08 | $1,743.08 |
| 249021 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 7/ 1/96-7/29/96 | 12/ 6/96 | A | 10250 | REG | K99 | $840.00 | $26.48 | $866.48 |
| 249022 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 8/ 1/96-8/30/96 | 12/ 6/96 | A | 10250 | REG | K99 | $209.00 | $15.50 | $224.50 |
| 249023 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 6/25/96-6/28/96 | 12/ 6/96 | A | 10250 | REG | K99 | $836.00 | $0.00 | $836.00 |
| 249024 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 5/15/96-5/21/96 | 12/ 6/96 | A | 10250 | REG | K99 | $285.00 | $34.00 | $319.00 |
| 249025 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 4/15/96-4/29/96 | 12/ 6/96 | A | 10250 | REG | K99 | $95.00 | $0.00 | $95.00 |
| 249026 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 3/ 4/96-3/26/96 | 12/ 6/96 | A | 10250 | REG | K99 | $368.00 | $0.00 | $368.00 |
| 249027 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 2/ 1/96-2/23/96 | 12/ 6/96 | A | 10250 | REG | K99 | $808.00 | $0.00 | $808.00 |
| 249028 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 1/15/96-1/31/96 | 12/ 6/96 | A | 10250 | REG | K99 | $519.00 | $0.00 | $519.00 |
| 249169 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 10/ 1/96-12/31/96 | 12/16/96 | A | 10254 | REG | K99 | $27,655.31 | $0.00 | $27,655.31 |
| 249305 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 8/13/96-8/29/96 | 12/11/96 | A | 10251 | REG | K99 | $1,122.00 | $10.30 | $1,132.30 |
| 271585 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M114 | 3/ 1/97-3/31/97 | 5/16/97 | A | 10331 | REG | K99 | $833.33 | $0.30 | $833.63 |
| 271586 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 3/ 1/97-3/31/97 | 5/16/97 | A | 10331 | REG | K99 | $3,000.00 | $0.00 | $3,000.00 |
| 271587 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 2/ 1/97-2/28/97 | 5/16/97 | A | 10331 | REG | K99 | $3,000.00 | $0.00 | $3,000.00 |
| 271588 | 50 | KHOFER | DW FLAT FEE SITES (110283) | M175 | 1/ 1/97-1/31/97 | 5/16/97 | A | 10331 | REG | K99 | $3,000.00 | $0.00 | $3,000.00 |

BPSAHOC2.RPT

See Proforma Totals

1997

Office of the General Counsel
Privileged and Confidential
General Invoice Information

| Dept | Handler | Matter | Firm | Inv Period | HisDt | Type | Batch # | Contract Ind. | AP Dept | Fees | Disb | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 50 KHOFER | DW FLAT FEE SITES (110283) | M175 | 3/10/97-4/15/97 | 5/28/97 | A | 10337 | REG | K99 | $104.00 | $0.00 | $104.00 |
| 5 | 50 KHOFER | DW FLAT FEE SITES (110283) | M114 | 6/ 1/97-6/30/97 | 8/18/97 | A | 10388 | REG | K99 | $833.33 | $24.62 | $857.95 |
| 3 | 50 KHOFER | DW FLAT FEE SITES (110283) | M175 | 7/ 1/97-7/31/97 | 9/17/97 | A | 10408 | REG | K99 | $3,000.00 | $0.00 | $3,000.00 |
| 4 | 50 KHOFER | DW FLAT FEE SITES (110283) | M175 | 5/ 1/97-5/31/97 | 9/17/97 | A | 10408 | REG | K99 | $3,000.00 | $0.00 | $3,000.00 |
| 35 | 50 KHOFER | DW FLAT FEE SITES (110283) | M175 | 6/ 1/97-6/30/97 | 9/17/97 | A | 10408 | REG | K99 | $3,000.00 | $0.00 | $3,000.00 |
| 06 | 50 KHOFER | DW FLAT FEE SITES (110283) | M175 | 8/ 1/97-8/31/97 | 9/17/97 | A | 10408 | REG | K99 | $3,000.00 | $0.00 | $3,000.00 |
| 107 | 50 KHOFER | DW FLAT FEE SITES (110283) | M175 | 4/ 1/97-4/30/97 | 9/17/97 | A | 10408 | REG | K99 | $3,000.00 | $0.00 | $3,000.00 |
| 199 | 50 KHOFER | DW FLAT FEE SITES (110283) | M175 | 8/ 1/97-8/31/97 | 10/16/97 | A | 10429 | REG | K99 | $3,000.00 | $0.00 | $3,000.00 |
| 280 | 50 KHOFER | DW FLAT FEE SITES (110283) | M114 | 7/21/97-9/30/97 | 11/ 7/97 | A | 10445 | REG | K99 | $833.33 | $13.01 | $846.34 |
| 1543 | 50 KHOFER | DW FLAT FEE SITES (110283) | M175 | 9/ 1/97-9/30/97 | 12/ 5/97 | A | 10464 | REG | K99 | $87.00 | $4.93 | $91.93 |
| 1035 | 50 KHOFER | DW FLAT FEE SITES (110283) | M114 | 9/ 1/97-9/30/97 | 12/ 5/97 | A | 10464 | REG | K99 | $833.33 | $136.36 | $969.69 |
| 0036 | 50 KHOFER | DW FLAT FEE SITES (110283) | M175 | 10/ 1/97-10/31/97 | 12/ 5/97 | A | 10464 | REG | K99 | $81.20 | $0.00 | $81.20 |
| 0037 | 50 KHOFER | DW FLAT FEE SITES (110283) | M175 | 8/ 1/97-10/31/97 | 12/ 5/97 | A | 10464 | REG | K99 | $97.87 | $0.00 | $97.87 |
| 10038 | 50 KHOFER | DW FLAT FEE SITES (110283) | M175 | 10/ 1/97-10/31/97 | 12/19/97 | A | 10474 | REG | K99 | $3,000.00 | $0.00 | $3,000.00 |
| 10204 | 50 KHOFER | DW FLAT FEE SITES (110283) | M175 | 9/ 1/97-9/30/97 | 12/ 9/97 | A | 10466 | REG | K99 | $3,000.00 | $0.00 | $3,000.00 |
| 10205 | 50 KHOFER | DW FLAT FEE SITES (110283) | M175 | 1/ 1/97-7/31/97 | 12/ 9/97 | A | 10466 | REG | K99 | $0.00 | $857.23 | $857.23 |
| 110770 | 50 KHOFER | DW FLAT FEE SITES (110283) | M175 | 2/ 1/97-6/30/97 | 12/16/97 | A | 10471 | REG | K99 | $0.00 | $30.60 | $30.60 |
| 312562 | 50 KHOFER | DW FLAT FEE SITES (110283) | M175 | 11/ 1/97-11/30/97 | 1/21/98 | A | 10497 | REG | K99 | $0.00 | $43.70 | $43.70 |
| 312563 | 50 KHOFER | DW FLAT FEE SITES (110283) | M114 | 12/ 1/97-12/31/97 | 1/21/98 | A | 10497 | REG | K99 | $833.33 | $0.00 | $833.33 |
| | | | M114 | 11/ 1/97-11/30/97 | | | | | | $833.33 | $15.82 | $849.15 |

96%

# Invoices: 58

Total : $ 96,496.62

00181

JAN.-27'98(TUE) 12:01

# Attachment A5

**OUTSIDE CONSULTANTS' FEES FOR**
**WILLOW RUN**
**1988-1997**

| Site Name | Matter | Payee | Date of Check | Amount of Check | Batch Number |
|---|---|---|---|---|---|
| Willow Run | MM0439 | APH Consultants | 5/26/92 | 6,634.52 | |
| Willow Run | MM0439 | APH Consultants | 12/31/91 | 12,085.25 | 3008 |
| Willow Run | MM0439 | APH Consultants | 2/11/92 | 21,314.53 | 3041 |
| Willow Run | MM0439 | APH Consultants | 4/6/93 | 20,760.75 | 3113 |
| Willow Run | MM0439 | James G. Meenahan | 5/24/93 | 2,200.00 | 3137 |
| Willow Run | MM0439 | APH Consultants | 8/5/93 | 5,708.39 | 3196 |
| Willow Run | MM0439 | A.P. Healy Assoc. | 9/10/93 | 12,703.75 | 3245 |
| Willow Run | MM0439 | Arthur Healy | 11/1/93 | 1,218.50 | 3299 |
| Willow Run | MM0439 | Arthur Healy | 6/10/94 | 250.00 | 4152 |
| Willow Run | MM0439 | C.S. Consulting | 7/25/94 | 800.00 | 4203 |
| Willow Run | MM0439 | AKT Environ. Consult. | 3/24/95 | 18,646.57 | 5081 |
| Willow Run | MM0439 | C,S. Consulting | 5/5/95 | 4,047.50 | 5123 |
| Willow Run | MM0439 | Michael Madarasz | 5/5/95 | 975.00 | 5122 |
| Willow Run | MM0439 | AKT Environmental | 5/15/95 | 33,504.99 | 5131 |
| Willow Run | MM0439 | Eckenfelder Inc. | 6/7/95 | 6,171.28 | 5157 |
| Willow Run | MM0439 | James Meenahan | 7/11/95 | 1,820.00 | 5191 |
| Willow Run | MM0439 | Eckenfelder, Inc. | 8/8/95 | 8,298.94 | 5214 |
| Willow Run | MM0439 | AKT Environmental | 8/8/95 | 31,157.25 | 5214 |
| Willow Run | MM0439 | AKT Environmental | 9/18/95 | 25,622.06 | 5262 |
| Willow Run | MM0439 | Eckenfelder Inc. | 10/6/95 | 14,668.25 | 5277 |
| Willow Run | MM0439 | Craddock Associates | 10/12/95 | 10,318.00 | 5284 |
| Willow Run | MM0439 | AKT Environmental | 10/27/95 | 10,721.86 | 5299 |
| Willow Run | MM0439 | AKT Environmental | 11/20/95 | 18,328.60 | 5321 |
| Willow Run | MM0439 | AKT Environmental | 1/8/96 | 28,979.00 | 6005 |
| Willow Run | MM0439 | Eckenfelder | 1/17/96 | 8,899.00 | 6016 |
| Willow Run | MM0439 | AKT Environmental | 1/19/96 | 17,818.75 | 6016 |
| Willow Run | MM0439 | AKT Environmental | 3/1/96 | 25,038.80 | 6060 |

| Site Name | Matter | Payee | Date of Check | Amount of Check | Batch Number |
|---|---|---|---|---|---|
| Willow Run | MM0439 | AKT Environmental | 3/22/96 | 24,509.14 | 6081 |
| Willow Run | MM0439 | Craddock Associates | 3/22/96 | 857.50 | 6081 |
| Willow Run | MM0439 | Eckenfelder, Inc. | 3/27/96 | 9,142.61 | 6086 |
| Willow Run | MM0439 | AKT Environmental | 4/17/96 | 13,591.26 | 6107 |
| Willow Run | MM0439 | Eckenfelder | 5/2/96 | 4,831.73 | 6121 |
| Willow Run | MM0439 | Craddock Associates | 6/21/96 | 4,541.00 | 6172 |
| Willow Run | MM0439 | AKT Environmental | 6/25/96 | 45,211.57 | 6176 |
| Willow Run | MM0439 | AKT Environmental | 7/31/96 | 16,722.55 | 6212 |
| Willow Run | MM0439 | Craddock Associates | 8/7/96 | 3,004.40 | 6219 |
| Willow Run | MM0439 | AKT Environmental | 9/19/96 | 32,566.56 | 6262 |
| Willow Run | MM0439 | Eckenfelder | 9/30/96 | 18,193.02 | 6271 |
| Willow Run | MM0439 | Craddock & Associates | 9/30/96 | 4,804.00 | 6271 |
| Willow Run | MM0439 | Hamilton Legato | 10/16/96 | 692.40 | 6289 |
| Willow Run | MM0439 | Eckenfelder | 10/16/96 | 27,119.90 | 6289 |
| Willow Run | MM0439 | Craddock & Associates | 10/16/96 | 364.00 | 6289 |
| Willow Run | MM0439 | AKT Environmental | 11/8/96 | 51,712.35 | 6312 |
| Willow Run | MM0439 | AKT Environmental | 11/26/96 | 31,746.95 | 6330 |
| Willow Run | MM0439 | Craddock & Associates | 12/18/96 | 434.00 | 6351 |
| Willow Run | MM0439 | Eckenfelder Inc. | 12/18/96 | 10,946.98 | 6351 |
| Willow Run | MM0439 | Eckenfelder Inc. | 1/14/97 | 2,760.77 | 7009 |
| Willow Run | MM0439 | AKT Environmental | 1/15/97 | 16,320.47 | 7013 |
| Willow Run | MM0439 | AKT Environmental | 2/12/97 | 10,000.00 | 7041 |
| Willow Run | MM0439 | AKT Environmental | 4/1/97 | 22,560.76 | 7086 |
| Willow Run | MM0439 | Eckenfelder | 4/1/97 | 3,410.64 | 7086 |
| Willow Run | MM0439 | Craddock Associates | 4/1/97 | 1,216.25 | 7086 |
| Willow Run | MM0439 | AKT Environmental | 4/3/97 | 32,761.73 | 7092 |
| Willow Run | MM0439 | Craddock | 4/18/97 | 1,531.25 | 7107 |
| Willow Run | MM0439 | Eckenfelder | 4/18/97 | 2,119.36 | 7107 |
| Willow Run | MM0439 | AKT | 4/21/97 | 17,772.14 | 7108 |
| Willow Run | MM0439 | Craddock | 5/14/97 | 1,140.75 | 7218 |
| Willow Run | MM0439 | AKT Environmental | 5/29/97 | 8,785.15 | 7147 |

| Site Name | Matter | Payee | Date of Check | Amount of Check | Batch Number |
|---|---|---|---|---|---|
| Willow Run | MM0439 | Eckenfelder | 5/29/97 | 3,772.21 | 7147 |
| Willow Run | MM0439 | AKT Environmental | 6/24/97 | 3,314,39 | 7171 |
| Willow Run | MM0439 | AKT Environmental | 8/5/97 | 4,383.40 | 7216 |
| Willow Run | MM0439 | AKT Environmental | 8/21/97 | 3,840.00 | 7232 |
| Willow Run | MM0439 | Eckenfelder | 12/4/97 | 1,918.86 | 7336 |
| **TOTAL** | | | | 787,291.59 | |



00184

# Attachment B1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FORD MOTOR COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 99-121C<br>(Judge Merow) |

DECLARATION OF CHARLES H. TISDALE, JR.

I, CHARLES H. TISDALE, Jr., pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a Member in the Environmental Practice Group of the law firm King & Spalding and have practiced environmental law since 1973. Since 1990, I have served on 18 occasions as an Allocation Consultant, which involves arbitrating and/or mediating allocations between potentially responsible parties ("PRPs"), in matters related to the allocation of responsibility and costs for environmental damage and remediation.

2. Ford Motor Company ("Ford") and General Motors ("GM") agreed to submit to binding arbitration, to determine the allocation of responsibility for the costs of the environmental cleanup of the Willow Run Creek Area Site (the "Site"), located in Wayne and Washtenaw Counties, Michigan. I served as the independent Arbitrator in this matter, which commenced in early 1995.

3. The purpose of the Arbitration process was to accurately apportion responsibility between the two relevant parties. In this case, the proceeding took over two years, and included the extensive presentation of scientific, historic, and expert

evidence by both Ford and GM. Each of the PRPs aggressively sought to minimize its share of the liability; each PRP was zealously and professionally represented by counsel.

4. I arrived at an initial allocation of responsibility (as between Ford and GM) for response costs for remediation of the Site on September 11, 1996, and completed a final allocation report on June 27, 1997. Based on arguments presented by both sides, the allocation was revised in the Amendment to the Final Allocation Report of November 13, 1997. I prepared these allocation reports pursuant to a confidentiality agreement between the parties designating my rulings as privileged settlement documents. It is my understanding that unless this Court orders their production, neither party is authorized to disclose the allocation reports without the consent of the other party. However, to facilitate this litigation, I have been authorized to disclose the calculation of the percentage of total environmental damage to property (attributed to Ford and GM) that I attributed to Ford's operation of the Willow Run Bomber Plant between 1941 and 1945.

5. After significant fact development and presentation of evidence by both sides, I allocated respective shares of responsibility for the cleanup costs for the Site to Ford and GM. While the end result was to allocate an aggregate percentage to each PRP, a specific sub-allocation for Ford's operation of the Willow Run Bomber Plant was determined. Of the total amount allocated, 9.763 percent was attributed to Ford's operation of the Willow Run Bomber Plant between 1941 and 1945. Additional responsibility allocated to Ford, over and above the 9.763 percent based on its operation of the Bomber Plant, arose from Ford's operation of plants at Rawsonville and Ypsilanti. The remainder was allocated to GM.

6. While the Amendment to the Final Report rounds the Allocation Calculation for the Bomber Plant to 9 percent, examination of the weighted qualitative and quantitative values assigned for the relevant pollutants coming from each source reveals that the precise share of responsibility allocated to Ford's operation of the Bomber Plant under the Contract is 9.763 percent. These values are set out in the table at Exhibit 1 to this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 10, 1999

Charles H. Tisdale, Jr.

# Attachment B2

# CALCULATION OF PLANT-SPECIFIC PERCENTAGES IN FORD'S WILLOW RUN ALLOCATION SHARE

| ALLOCATION PARAMETERS | PCBs | % PCBs | Adj PCB % | Oil & Grease | % O&G* | Adj O&G % | Solids | % Solids** | Adj Solids % | % Metals | Adj Metals % | Total % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bomber Plant | 40 lbs | 8.4388% | 5.6259% | 234,119 lbs | 1.6425% | 0.1643% | 794,219 lbs | 2.0871% | 0.0696% | 19.5167% | 3.9033% | **9.7630%** |
| Total Both Parties | 474 lbs | | | 12,455,887 lbs | | | 28,251,434 lbs | | | | | |

| METALS | Chromium | % Cr | Adj Cr % | Cadmium | % Cad | Adj Cad % | Zinc | % Zinc | Adj Zinc % | Copper | % Copper | Adj Cu % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bomber Plant | 27,207 lbs | 44.0635% | 11.0159% | 1003 lbs | 31.2267% | 5.8550% | 5915 lbs | 3.6347% | 0.6815% | 333 lbs | 3.1309% | 0.3914% |
| Total Both Parties | 61,745 lbs | | | 3212 lbs | | | 162,736 lbs | | | 10,636 lbs | | |

| METALS | Lead | % Lead | Adj Lead % | Nickel | % Nickel | Adj Ni % | % Metals |
|---|---|---|---|---|---|---|---|
| Bomber Plant | 1483 lbs | 7.0913% | 0.8864% | 1515 lbs | 5.4921% | 0.6865% | 19.5167% |
| Total Both Parties | 20,913 lbs | | | 27,585 lbs | | | |

**Notes:**

* Reflects C. Tisdale qualitative adjustment of Oil & Grease percentages by 3% (3% added to GM and 3% deducted from Ford).

** Reflects C. Tisdale qualitative adjustment of Total Soilds percentages by 4% (4% added to GM and 4% deducted from Ford).

Original percents reflect each plant's individual percent share for a given parameter. Adjusted percents reflect the weighting that the arbitrator gave to each parameter (e.g., the arbitrator assigned PCBs a 2/3 share of the overall allocation, so the Bomber Plant's adjusted PCB% is 2/3 of its original PCB%).

# Attachment C1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FORD MOTOR COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 99-121C<br>(Judge Merow) |

DECLARATION OF SHARON R. NEWLON

I, SHARON R. NEWLON, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a Member in the Environmental Practice Group of the law firm Dickinson Wright PLLC ("Dickinson Wright"). Since 1988, I have represented Ford Motor Company ("Ford") in matters related to the environmental cleanup of the Willow Run Creek Area Site (the "Site") located in Wayne and Washtenaw Counties, Michigan.

2. Investigation, response, and remediation of the Site or portions of the Site was ordered under state and federal law beginning in 1988 due to alleged environmental damage to property. Some of this environmental damage to property was attributed to Ford's operation of the Willow Run Bomber Plant between 1941 and 1945.

3. Since 1988, Dickinson Wright has administered the Willow Run

Trust Fund ("Trust Fund"). This Trust Fund was created to administer, collect, and make payment for, group costs associated with the RI/FS and the subsequent cleanup of the Site. Based on my duties related to Trust Fund Management, I am familiar with the Trust's administration, and with the procedures for allocating costs to, and assessing payments from, designated contributors. The Trust Fund was initially funded almost entirely by contributions from Ford and General Motors ("GM").[1]

4. In addition to Ford and GM, Wayne County, Michigan, the University of Michigan, Ypsilanti Township, Michigan, and the Ypsilanti Community Utilities Authority were also held responsible in the Michigan Consent Judgment; they contributed significant in-kind services, resources, and funding for some direct costs in furtherance of the Remedial Action Plan. Further, they each paid $6,500 into the Trust Fund for their share of past costs. These parties, along with Ford and GM, were subsequently involved in an action against Chrysler Corporation seeking a contribution. This action settled with a net contribution of $2,915,123.88 into the Trust Fund ($3,000,000 payment by Chrysler less disbursements to other settling parties of $84,876.12). Finally, the United States made a contribution of $450,000 to the Trust Fund. Thus, a total of $3,416,123.88[2] was contributed to the Trust Fund by responsible parties other

[1] A nominal contribution of $25,000 from Chrysler Corporation was received by the Trust Fund in 1988.

[2] This figure includes the $25,000 contribution from Chrysler Corporation in 1988.

than Ford and GM; Ford and GM have borne all remaining costs associated with the clean up of the Site paid out of the Willow Run Trust Fund.

5. The cost allocation between Ford and GM was submitted to binding arbitration in early 1995. This involved significant fact development and presentation of evidence by both Ford and GM, over a period exceeding two years, during which both Ford and GM sought to minimize their share of the liability. The independent Arbitrator made a final decision, allocating to Ford and GM respective portions of the cleanup costs. The Arbitrator assigned a percentage to each Ford and GM plant alleged to have contributed to the Site. The allocation reports prepared by the Arbitrator were developed pursuant to a confidentiality agreement between the parties as privileged settlement documents. It is my understanding that unless this Court orders their production, Ford is not authorized to disclose the allocation reports. However, to facilitate this litigation, I have been authorized to relate the calculation of the percentage attributed by the Arbitrator to the Willow Run Bomber Plant.

6. Of the total amount allocated, 9.763 percent was attributed to Ford's operation of the Willow Run Bomber Plant between 1941 and 1945. Additional responsibility allocated to Ford, over and above the 9.763 percent based on its operation of the Bomber Plant, arose from its operation of plants at Rawsonville and Ypsilanti. The Arbitrator rounded the allocation calculation for the Bomber Plant to 9 percent. However, examination of the weighted qualitative and quantitative values assigned by the Arbitrator for the relevant

pollutants coming from the Bomber Plant as compared to the total attributed to all sources reveals that the precise share of costs allocated to Ford's operation of the Bomber Plant under the Contract is 9.763 percent. These values are set out in Exhibit 1 to this Declaration.

7. The Trust Fund maintains detailed records, which reflect every payment out of the Trust Fund, as well as pending payments. The total amount of direct invoices presented for payment to the Trust Fund to date is $15,106,277.41. Of this amount, $14,832,678.92 has actually been paid out of the Trust Fund for administrative, remedial, and litigation costs associated with the Site. A chronological list of all administrative, remedial and litigation costs associated with the Site, which includes all payments out of the Trust Fund, is set forth in Exhibit 2.[3] All payments out of the Trust Fund were for administrative, remedial and litigation costs associated with the defense and discharge of claims for environmental damage to the Site.

8. Following the Arbitrator's decision, prior contributions by Ford and GM to the Trust Fund were reconciled so that the total payments into the Trust Fund attributable to each of them are now in accordance with the proportions established in the decision.

9. In addition to payments made through the Trust Fund, Ford and GM have made direct payments totaling $39,369,218.03 to IT Corporation, the

[3] The Exhibit also reflects invoices totaling $273,598.49 for which payment, though undisputed, has not yet been made.

principal contractor for cleanup of the Site. After the Arbitrator issued his decision, Ford and GM reconciled prior payments so that the total payments made to IT Corporation attributable to each of them are now in accordance with the proportions established in the decision. All IT Corporation invoices, as well as the total payments made to IT Corporation by Ford and GM, are set forth in Exhibit 3.[4]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 14, 1999

Sharon R. Newlon

[4] Also reflected on the exhibit is one invoice, for $100,867.50, pending payment to IT.

# Attachment C2

## SUMMARY OF IT PAYMENTS

## DIRECT PAYMENTS TO IT CORP.

| Payment | Date |
|---|---|
| $384,722.10 | 02/11/96 |
| $1,842,813.76 | 09/03/96 |
| $256,175.76 | 10/21/96 |
| $256,175.75 | 10/29/96 |
| $701,485.68 | 11/05/96 |
| $701,485.69 | 11/19/96 |
| $868,416.93 | 12/10/96 |
| $868,416.94 | 12/17/96 |
| $355,048.45 | 12/26/96 |
| $355,048.44 | 01/15/97 |
| $384,722.10 | 02/18/97 |
| $138,416.25 | 03/17/97 |
| $470,414.09 | 03/25/97 |
| $138,416.24 | 03/28/97 |
| $470,414.09 | 04/16/97 |
| $1,005,079.43 | 05/20/97 |
| $1,005,079.41 | 05/30/97 |
| $1,224,764.24 | 07/08/97 |
| $1,224,764.25 | 07/11/97 |
| $484,473.76 | 08/13/97 |
| $484,473.75 | 08/26/97 |
| $517,887.46 | 09/04/97 |
| $517,887.46 | 09/17/97 |
| $976,757.77 | 10/14/97 |
| $539,571.80 | 10/21/97 |
| $410,914.97 | 11/12/97 |
| $515,944.81 | 11/17/97 |
| $542,269.80 | 11/25/97 |
| $581,411.44 | 12/22/97 |
| $581,411.45 | 12/30/97 |
| $384,272.23 | 02/02/98 |
| $1,093,697.90 | 02/19/98 |
| $158,931.76 | 02/20/98 |
| $452,344.24 | 02/23/98 |
| $82,445.28 | 03/30/98 |
| $170,455.14 | 04/01/98 |
| $719,793.52 | 04/14/98 |
| $76,849.15 | 06/08/98 |
| $1,411,962.81 | 08/10/98 |
| $306,134.67 | 08/28/98 |
| $1,252,984.29 | 09/16/98 |
| $440,237.72 | 10/01/98 |
| $1,364,039.21 | 10/09/98 |
| $659,730.51 | 10/22/98 |
| $168,783.07 | 11/02/98 |
| $480,382.61 | 11/10/98 |
| $2,772,896.05 | 11/13/98 |
| $2,960,000.00 | 11/18/98 |

## SUMMARY OF IT PAYMENTS

## DIRECT PAYMENTS TO IT CORP.

| Payment | Date |
|---|---|
| $2,014,260.76 | 11/20/98 |
| $498,893.55 | 12/14/98 |
| $175,286.92 | 01/26/99 |
| $86,921.61 | 01/29/99 |
| $52,457.09 | 02/25/99 |
| $62,379.36 | 03/04/99 |
| $62,379.36 | 03/12/99 |
| $21,917.07 | 03/24/99 |
| $63,673.83 | 04/27/99 |
| $34,279.86 | 05/21/99 |
| $12,044.27 | 06/10/99 |
| $151,573.74 | 06/25/99 |
| $92,025.57 | 07/20/99 |
| $75,627.09 | 08/23/99 |
| $32,333.31 | 09/02/99 |
| $454,229.25 | 09/14/99 |
| $127,975.60 | 10/19/99 |
| $44,964.40 | 10/19/99 |
| $159,594.06 | 10/29/99 |
| $360,255.25 | 10/29/99 |
| $1,025,341.85 | 11/03/99 |
| $100,867.50 | Pending |

TOTAL: **$39,470,085.53**

# Attachment C3

## WILLOW RUN TRUST FUND
## ADMINISTRATIVE, REMEDIAL, AND LITIGATION COSTS

| DATE | VENDOR | CHECK NUMBER | AMOUNT |
|---|---|---|---|
| 12/15/88 | EPA Hazardous Subst. (U.S. EPA) | S02989 | $24,488.31 |
| 06/29/89 | Conestoga-Rovers & Assoc. | S03068 | $52,757.38 |
| 02/15/90 | Conestoga-Rovers & Assoc. | S03780 | $37,042.13 |
| 05/29/90 | Conestoga-Rovers & Assoc. | S03228 | $160,852.79 |
| 07/24/90 | Conestoga-Rovers & Assoc. | S03266 | $101,666.58 |
| 09/18/90 | Conestoga-Rovers & Assoc. | S03288 | $7,209.95 |
| 12/13/90 | Conestoga-Rovers & Assoc. | S03340 | $135,273.00 |
| 02/08/91 | Conestoga-Rovers & Assoc. | S03367 | $45,941.71 |
| 02/28/91 | Conestoga-Rovers & Assoc. | S03378 | $35,437.10 |
| 03/18/91 | Conestoga-Rovers & Assoc. | S03391 | $25,116.72 |
| 04/15/91 | Conestoga-Rovers & Assoc. | S03409 | $812.54 |
| 06/28/91 | EPA Hazardous Substance Superfund | S03507 | $7,317.56 |
| 09/13/91 | Conestoga-Rovers & Assoc. | S03548 | $34,461.08 |
| 10/02/91 | Conestoga-Rovers & Assoc. | S03560 | $51,466.12 |
| 02/25/92 | Intercall | S03618 | $4,144.61 |
| 04/20/92 | Intercall | S03644 | $1,598.04 |
| 04/20/92 | Blasland & Bouck Eng. | S03645 | $2,199.32 |
| 04/24/92 | Intercall | S03648 | $419.00 |
| 06/11/92 | Intercall | S03669 | $322.40 |
| 06/11/92 | Intercall | S03670 | $3,955.70 |
| 06/11/92 | Blasland & Bouck Eng. | S03672 | $8,652.22 |
| 06/11/92 | Conestoga-Rovers & Assoc. | S03671 | $52,411.28 |
| 06/11/92 | Gradient Corporation | S03668 | $30,740.13 |
| 08/12/92 | Blasland & Bouck Eng. | S03688 | $3,867.29 |
| 08/12/92 | Conestoga-Rovers & Assoc. | S03689 | $46,895.74 |
| 08/25/92 | Conestoga-Rovers & Assoc. | S03702 | $67,951.75 |
| 08/25/92 | Gradient Corporation | S03703 | $41,779.32 |
| 09/02/92 | Blasland & Bouck Eng. | S03708 | $7,295.68 |
| 12/11/92 | EPA Hazardous Substance Superfund | S03761 | $143,218.59 |
| 12/11/92 | EPA Hazardous Substance Superfund | S03762 | $40,022.47 |
| 12/21/92 | Dickinson Wright | S03770 | $8,563.93 |
| 01/11/93 | Dickinson Wright | S03790 | $1,640.01 |
| 01/21/93 | EPA Hazardous Substance Superfund | S03797 | $102,159.30 |
| 03/09/93 | Dickinson Wright | S04112 | $891.19 |
| 03/09/93 | Conestoga-Rovers & Assoc. | S04106 | $14,583.19 |
| 03/26/93 | Gradient Corporation | S04119 | $9,800.00 |
| 08/03/93 | Conestoga-Rovers & Assoc. | S04246 | $93,709.07 |
| 08/03/93 | Conestoga-Rovers & Assoc. | S04421 | $5,697.83 |
| 08/03/93 | Gradient Corporation | S04247 | $17,726.04 |
| 09/17/93 | Dickinson Wright | S04273 | $2,178.07 |
| 09/17/93 | Dickinson Wright | S04274 | $2,246.57 |
| 11/18/93 | Dickinson Wright | S04320 | $2,525.78 |
| 12/14/93 | Dickinson Wright | S04351 | $100.73 |
| 01/07/94 | Dickinson Wright | S04367 | $306.01 |

**WILLOW RUN TRUST FUND**
**ADMINISTRATIVE, REMEDIAL, AND LITIGATION COSTS**

| DATE | VENDOR | CHECK NUMBER | AMOUNT |
|---|---|---|---|
| 01/26/94 | Dickinson Wright | S04373 | $14,557.58 |
| 02/18/94 | Dickinson Wright | S04404 | $710.40 |
| 02/18/94 | Dickinson Wright | S04406 | $61,810.09 |
| 02/18/94 | James G. Meenahan | S04403 | $2,400.00 |
| 03/22/94 | Conestoga-Rovers & Assoc. | S04423 | $20,139.47 |
| 05/11/94 | Dickinson Wright | S04452 | $1,154.62 |
| 07/07/94 | Dickinson Wright | S04489 | $1,197.61 |
| 07/29/94 | Dickinson Wright | S04501 | $1,525.27 |
| 07/29/94 | Dickinson Wright | S04502 | $1,433.80 |
| 08/02/94 | OHM Remediation | WDS011 | $35,565.54 |
| 10/05/94 | EPA Hazardous Substance Superfund | S04531 | $43,242.49 |
| 10/12/94 | Ecologic International | S04533 | $22,758.75 |
| 12/19/94 | Dickinson Wright | S04576 | $15,364.42 |
| 12/21/94 | Conestoga-Rovers & Assoc. | WDS020 | $85,270.48 |
| 03/14/95 | Conestoga-Rovers & Assoc. | S04621 | $164,018.75 |
| 04/21/95 | State of Michigan | S04648 | $49,155.82 |
| 06/14/95 | Conestoga-Rovers & Assoc. | WDS027 | $310,859.35 |
| 06/16/95 | Dickinson Wright | S04682 | $5,400.02 |
| 07/03/95 | King & Spalding | S04691 | $35,528.13 |
| 07/18/95 | Dickinson Wright | S04702 | $3,255.40 |
| 07/23/95 | Dickinson Wright | S04707 | $3,452.86 |
| 07/27/95 | King & Spalding | S04712 | $381.33 |
| 08/04/95 | King & Spalding | S04715 | $6,509.04 |
| 08/17/95 | Dickinson Wright | S04730 | $1,664.96 |
| 08/28/95 | Barris, Sott, Denn & Driker | S04735 | $25,564.85 |
| 09/13/95 | Dickinson Wright | S04750 | $2,336.02 |
| 10/02/95 | Dickinson Wright | S04767 | $11,646.76 |
| 10/06/95 | Conestoga-Rovers & Assoc. | WDS029 | $1,012,121.74 |
| 10/09/95 | Barris, Sott, Denn & Driker | S047_ | $12,283.16 |
| 10/13/95 | King & Spalding | S04772 | $1,273.62 |
| 11/01/95 | Barris, Sott, Denn & Driker | S04791 | $8,662.58 |
| 11/21/95 | Conestoga-Rovers & Assoc. | S04806 | $204,155.42 |
| 12/01/95 | K & D Industrial Services | S04817 | $157,082.04 |
| 12/15/95 | Conestoga-Rovers & Assoc. | S04823 | $200,780.86 |
| 12/19/95 | Dickinson Wright | S04825 | $26,543.44 |
| 12/19/95 | Dykema Gossett | S04827 | $4,297.94 |
| 12/19/95 | Barris, Sott, Denn & Driker | S04826 | $20,768.89 |
| 12/20/95 | Conestoga-Rovers & Assoc. | S04832 | $175,961.35 |
| 01/06/96 | Barris, Sott, Denn & Driker | S04846 | $13,619.43 |
| 01/16/96 | Conestoga-Rovers & Assoc. | S04847 | $29,464.32 |
| 01/16/96 | Conestoga-Rovers & Assoc. | S04848 | $86,112.80 |
| 01/16/96 | Conestoga-Rovers & Assoc. | S04849 | $16,731.23 |
| 01/18/96 | K & D Industrial Services | S04850 | $503,622.45 |
| 01/22/96 | King & Spalding | S04854 | $10,767.64 |

**WILLOW RUN TRUST FUND**
**ADMINISTRATIVE, REMEDIAL, AND LITIGATION COSTS**

| DATE | VENDOR | CHECK NUMBER | AMOUNT |
|---|---|---|---|
| 02/05/96 | Conestoga-Rovers & Assoc. | S04858 | $70,943.32 |
| 02/05/96 | K & D Industrial Services | S04859 | $110,827.17 |
| 02/05/96 | Barris, Sott, Denn & Driker | S04857 | $6,155.22 |
| 02/16/96 | King & Spalding | S04867 | $6,575.90 |
| 02/26/96 | Barris, Sott, Denn & Driker | S04874 | $11,079.57 |
| 03/06/96 | Conestoga-Rovers & Assoc. | S04880 | $67,400.92 |
| 04/19/96 | Dickinson Wright | S04903 | $8,745.14 |
| 04/19/96 | Dykema Gossett | S04904 | $4,134.75 |
| 04/19/96 | Barris, Sott, Denn & Driker | S04902 | $23,469.74 |
| 05/01/96 | Conestoga-Rovers & Assoc. | S04914 | $129,043.82 |
| 05/09/96 | Conestoga-Rovers & Assoc. | S04918 | $132,224.14 |
| 06/26/96 | Dykema Gossett | S04944 | $8,810.37 |
| 06/26/96 | Conestoga-Rovers & Assoc. | S04945 | $62,338.00 |
| 06/26/96 | Barris, Sott, Denn & Driker | S04943 | $47,792.61 |
| 08/02/96 | Dickinson Wright | S04954 | $12,062.35 |
| 08/02/96 | Dickinson Wright | S04955 | $22,652.00 |
| 08/02/96 | Dykema Gossett | S04958 | $9,977.74 |
| 08/02/96 | Barris, Sott, Denn & Driker | S04957 | $27,595.84 |
| 08/02/96 | Patterson Associates | S04956 | $12,151.62 |
| 08/26/96 | Dickinson Wright | S04976 | $8,341.85 |
| 08/26/96 | Dykema Gossett | S04974 | $7,252.59 |
| 08/26/96 | King & Spalding | S04979 | $135.48 |
| 08/26/96 | Conestoga-Rovers & Assoc. | S04973 | $151,966.04 |
| 08/26/96 | K & D Industrial Services | S04972 | $76,496.85 |
| 08/26/96 | Barris, Sott, Denn & Driker | S04977 | $20,747.27 |
| 08/26/96 | Coopers & Lybrand | S04975 | $70,395.28 |
| 08/26/96 | Patterson Associates | S04978 | $26,393.78 |
| 09/25/96 | Coopers & Lybrand | S04991 | $78,766.29 |
| 10/02/96 | YCUA | S04992 | $294,785.00 |
| 11/06/96 | State of Michigan | S05011 | $127,210.33 |
| 11/08/96 | Dickinson Wright | S05019 | $17,512.48 |
| 11/08/96 | Barris, Sott, Denn & Driker | S05017 | $30,138.32 |
| 11/08/96 | Coopers & Lybrand | S05018 | $78,766.29 |
| 11/08/96 | Patterson Associates | S05016 | $57,260.74 |
| 11/20/96 | YCUA | S05022 | $90,750.00 |
| 12/04/96 | YCUA | S05028 | $145,217.00 |
| 12/12/96 | Dickinson Wright | S05050 | $12,748.10 |
| 12/12/96 | Dykema Gossett | S05047 | $3,045.65 |
| 12/12/96 | King & Spalding | S05048 | $54,852.06 |
| 12/12/96 | Conestoga-Rovers & Assoc. | S05045 | $394,483.29 |
| 12/12/96 | Barris, Sott, Denn & Driker | S05049 | $65,177.32 |
| 12/12/96 | Conestoga-Rovers & Assoc. | S05045 | $3,952.42 |
| 12/12/96 | Conestoga-Rovers & Assoc. | S05045 | $1,443.48 |
| 12/12/96 | Patterson Associates | S05046 | $29,513.63 |

**WILLOW RUN TRUST FUND**
**ADMINISTRATIVE, REMEDIAL, AND LITIGATION COSTS**

| DATE | VENDOR | CHECK NUMBER | AMOUNT |
|---|---|---|---|
| 12/26/96 | Dickinson Wright | Wired Out | $12,889.12 |
| 12/31/96 | Dykema Gossett | S05056 | $17,230.33 |
| 01/30/97 | K & D Industrial Services | S05059 | $103,182.52 |
| 03/11/97 | King & Spalding | S05079 | $21,048.56 |
| 03/11/97 | Barris, Sott, Denn & Driker | S05078 | $98,856.06 |
| 03/11/97 | Patterson Associates | S05077 | $57,892.98 |
| 04/11/97 | Wayne County Dept. of Env. | S05087 | $750.00 |
| 04/25/97 | Dickinson Wright | S05094 | $1,858.17 |
| 04/25/97 | Dykema Gossett | S05093 | $13,554.75 |
| 04/25/97 | King & Spalding | S05090 | $20,882.64 |
| 04/25/97 | Conestoga-Rovers & Assoc. | S05088 | $1,580.65 |
| 04/25/97 | Conestoga-Rovers & Assoc. | S05088 | $411,650.78 |
| 04/25/97 | Barris, Sott, Denn & Driker | S05092 | $192,124.78 |
| 04/25/97 | Coopers & Lybrand | S05089 | $21,685.58 |
| 04/25/97 | Patterson Associates | S05091 | $106,896.62 |
| 04/29/97 | Conestoga-Rovers & Assoc. | S05088 | $4,023.56 |
| 05/28/97 | Lawyers Title Insurance | S05099 | $182,836.00 |
| 05/28/97 | Patterson Associates | S05098 | $10,868.90 |
| 06/20/97 | Conestoga-Rovers & Assoc. | S05018 | $1,564.31 |
| 06/20/97 | Dykema Gossett | S05106 | $16,422.17 |
| 06/20/97 | Conestoga-Rovers & Assoc. | S05108 | $575,743.83 |
| 06/20/97 | Barris, Sott, Denn & Driker | S05105 | $60,255.91 |
| 06/20/97 | Conestoga-Rovers & Assoc. | S05108 | $5,304.80 |
| 07/01/97 | Conestoga-Rovers & Assoc. | S05116 | $4,093.09 |
| 07/01/97 | Barris, Sott, Denn & Driker | S05117 | $37,027.59 |
| 07/01/97 | Conestoga-Rovers & Assoc. | S05116 | $4,093.09 |
| 07/01/97 | Patterson Associates | S05104 | $38,407.54 |
| 07/06/97 | Coopers & Lybrand | S05119 | $36,287.56 |
| 07/22/97 | Barris, Sott, Denn & Driker | S05122 | $2,020.00 |
| 07/22/97 | Patterson Associates | S05121 | $16,484.84 |
| 08/22/97 | Dickinson Wright | S05130 | $4,604.55 |
| 09/04/97 | Patterson Associates | S05132 | $31,682.05 |
| 09/16/97 | Conestoga-Rovers & Assoc. | S05134 | $207,533.24 |
| 09/16/97 | Conestoga-Rovers & Assoc. | S05134 | $7,561.99 |
| 09/16/97 | Conestoga-Rovers & Assoc. | S05134 | $7,529.06 |
| 09/18/97 | Conestoga-Rovers & Assoc. | S05134 | $31,001.51 |
| 09/18/97 | King & Spalding | S05135 | $55,559.86 |
| 09/22/97 | Dykema Gossett | S05137 | $13,156.77 |
| 10/09/97 | Dickinson Wright | S05145 | $55,233.33 |
| 11/05/97 | Barris, Sott, Denn & Driker | S05152 | $97,729.89 |
| 11/12/97 | YCUA | S05155 | $88,819.50 |
| 11/19/97 | Dickinson Wright | S05161 | $1,535.90 |
| 11/19/97 | Dykema Gossett | S05157 | $2,922.50 |
| 11/19/97 | Conestoga-Rovers & Assoc. | Wired Out | $574,580.75 |

**WILLOW RUN TRUST FUND**
**ADMINISTRATIVE, REMEDIAL, AND LITIGATION COSTS**

| DATE | VENDOR | CHECK NUMBER | AMOUNT |
|---|---|---|---|
| 11/19/97 | Patterson Associates | S05159 | $19.90 |
| 12/08/97 | EPA Hazardous Substance Superfund | S05166 | $106,243.02 |
| 12/08/97 | Patterson Associates | S05164 | $14,000.00 |
| 12/12/97 | Dickinson Wright | S05146 | $4,663.79 |
| 12/22/97 | Dickinson Wright | S05172 | $4,971.07 |
| 12/22/97 | Dykema Gossett | S05173 | $5,185.94 |
| 12/22/97 | King & Spalding | S05178 | $5,173.65 |
| 12/22/97 | K & D Industrial Services | S05174 | $19,412.47 |
| 12/22/97 | Barris, Sott, Denn & Driker | S05177 | $10,615.78 |
| 12/22/97 | Coopers & Lybrand | S05175 | $54,828.69 |
| 12/22/97 | Patterson Associates | S05176 | $573.23 |
| 12/24/97 | Dickinson Wright | S05179 | $4,328.02 |
| 12/24/97 | Dykema Gossett | S05181 | $22,572.10 |
| 12/24/97 | King & Spalding | S05180 | $2,836.50 |
| 12/30/97 | Dickinson Wright | S05182 | $3,071.09 |
| 02/13/98 | State of Michigan | DS005607 | $263,764.64 |
| 03/30/98 | Conestoga-Rovers & Assoc. | DS005618 | $1,519.15 |
| 03/30/98 | Conestoga-Rovers & Assoc. | DS005619 | $140,427.34 |
| 05/07/98 | Conestoga-Rovers & Assoc. | DS005613 | $276,427.24 |
| 06/30/98 | Barris, Sott, Denn & Driker | DS005641 | $8,276.61 |
| 07/30/98 | Conestoga-Rovers & Assoc. | DS005647 | $182,366.13 |
| 08/20/98 | Conestoga-Rovers & Assoc. | DS005662 | $210,966.22 |
| 08/20/98 | Dykema Gossett | DS005664 | $15,351.80 |
| 08/20/98 | Dickinson Wright | DS005663 | $2,564.09 |
| 08/31/98 | Conestoga-Rovers & Assoc. | DS005672 | $76,310.26 |
| 08/31/98 | Dykema Gossett | DS005673 | $17,273.86 |
| 08/31/98 | King & Spalding | DS005674 | $7,845.86 |
| 08/31/98 | Dickinson Wright | DO005675 | $28,133.67 |
| 09/15/98 | State of Michigan | DSO5351 | $424,872.31 |
| 10/15/98 | State of Michigan | DS005389 | $1,000.19 |
| 10/26/98 | Dykema Gossett | DS005400 | $14,564.00 |
| 10/26/98 | Dickinson Wright | DS005403 | $14,182.12 |
| 10/26/98 | Conestoga-Rovers & Assoc. | DS005404 | $189,037.00 |
| 11/18/98 | King & Spalding | DS005414 | $221.06 |
| 12/21/98 | Conestoga-Rovers & Assoc. | DS005433 | $98,982.35 |
| 12/21/98 | Conestoga-Rovers & Assoc. | DS005434 | $141,290.29 |
| 12/21/98 | Dykema Gossett | DS005438 | $5,885.96 |
| 12/21/98 | Dickinson Wright | DS005439 | $6,061.72 |
| 12/30/98 | Dickinson Wright | DS005440 | $2,521.20 |
| 12/30/98 | Dykema Gossett | DS005441 | $19,255.59 |
| 03/31/99 | Dickinson Wright | DS005466 | $4,340.20 |
| 03/31/99 | Conestoga-Rovers & Assoc. | DS005464 | $332,488.82 |
| 03/31/99 | Dykema Gossett | DS005465 | $11,125.46 |
| 05/07/99 | Dickinson Wright | DS005471 | $679.90 |

**WILLOW RUN TRUST FUND**
**ADMINISTRATIVE, REMEDIAL, AND LITIGATION COSTS**

| DATE | VENDOR | CHECK NUMBER | AMOUNT |
|---|---|---|---|
| 05/07/99 | Conestoga-Rovers & Assoc. | DS005472 | $25,695.43 |
| 05/07/99 | Conestoga-Rovers & Assoc. | DS005473 | $68,857.60 |
| 07/30/99 | Conestoga-Rovers & Assoc. | DS005500 | $28,133.78 |
| 08/17/99 | Conestoga-Rovers & Assoc. | DS005513 | $33,378.44 |
| 08/27/99 | State of Michigan | DS005521 | $25,109.87 |
| 09/02/99 | EPA Hazardous Substance Superfund | Wired Out | $1,100,000.00 |
| 09/08/99 | Conestoga-Rovers & Assoc. | 5853 | $30,967.37 |
| 09/08/99 | Dykema Gossett | 5852 | $1,273.34 |
| 09/08/99 | Dykema Gossett | 5852 | $3,882.29 |
| 09/08/99 | Dykema Gossett | 5852 | $597.22 |
| 09/08/99 | Dykema Gossett | 5852 | $1,669.87 |
| 09/09/99 | Dickinson Wright | DS005686 | $217.90 |
| 09/09/99 | Dickinson Wright | DS005686 | $19.65 |
| 09/09/99 | Dickinson Wright | DS005686 | $225.88 |
| 09/24/99 | Conestoga-Rovers & Assoc. | 5859 | $29,523.65 |
| | State of Michigan | Pending | $198,334.37 |
| | Conestoga-Rovers & Associate | Pending | $26,064.45 |
| | Conestoga-Rovers & Associate | Pending | $24,061.53 |
| | Conestoga-Rovers & Associate | Pending | $17,722.52 |
| | Dickinson Wright | Pending | $850.70 |
| | Dickinson Wright | Pending | $831.50 |
| | Dickinson Wright | Pending | $362.74 |
| | Dickinson Wright | Pending | $898.50 |
| | Dickinson Wright | Pending | $493.20 |
| | Dykema Gossett | Pending | $911.61 |
| | Dykema Gossett | Pending | $1,731.26 |
| | Dykema Gossett | Pending | $1,336.11 |
| | **TOTAL** | | **$15,106,277.41** |