IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FORD MOTOR COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br>No. 99-121<br>(Judge Merow) |

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR DISCOVERY

Defendant, the United States, respectfully replies to the opposition filed by plaintiff, Ford Motor Company, to our July 25, 2005 motion for discovery. Our reply is brief because we believe Ford skirts the real issues and we see no reason to answer its attacks upon our good faith, which we trust the Court will disregard.[1]

It is highly unusual, at a minimum, to engage in extended argument as to whether the Government requires discovery before proceeding to trial upon a claim exceeding $7 million. We know of nothing in the RCFC, the Federal Rules of Civil Procedure, or precedent that imposes this burden of persuasion upon defendant. (RCFC 26(b), which Ford cites at page 15, permits the Court to "limit[]" discovery in defined situations, not to waive RCFC 26 entirely.) Surely the question should be whether a time-constrained audit, conducted without the power to swear witnesses or subpoena documents, constitutes a full and adequate substitute for the

[1] Criticizing the manner in which we conferred before filing the motion is particularly inappropriate. The Government sent Ford a detailed written proposal on June 29, 2005 plainly stating that we would request discovery absent agreement. After obtaining an extension of the schedule, Ford responded orally weeks later, days before our motion was due. In a series of conversations, Ford rejected our proposal. It made a counteroffer, on the day before the deadline, that its counsel confirmed was an indivisible "package deal" (our words). Absent Ford's agreement, we proceeded as promised and timely filed our motion.

discovery routinely available in high-stakes civil litigation. Whatever the standard to be applied, however, Ford has not addressed the matters we raised.

It is flatly untrue, to begin, that "the only respects in which" Ford did not agree to our discovery proposal related to the issue of cancelled checks. Pl. Opp. 9 n.5. Ford refuses to supply an unredacted copy of its belatedly revealed Site Exchange Agreement with General Motors Corporation, even for review by Government counsel alone. Id. at 16. That one party "regards [a] document as a confidential agreement" has never provided a blanket excuse against discovery in this Court or any other court; nor has a party's bare insistence that redacted parts of a document are immaterial. See id. It would be unprecedented, to our knowledge, to require the Government to proceed to trial without an opportunity to review in full a multi-million-dollar agreement between a contractor and a third party that relates directly to the costs for which the contractor seeks reimbursement. Without learning about this agreement what we would normally learn through discovery, we – and the Court – cannot determine whether Ford has properly accounted for it.

With regard to its direct payments to Dickinson Wright, IT Corporation, and the Willow Run Trust Fund, Ford makes all the expected representations – but we are confident that the Court will search the record in vain for the documents that Ford asserts "show precisely the basis" for its claim, id. at 10, "establish" that Ford's assertions are accurate, id. at 11, and render our concerns "incredibly hollow indeed." Id. at 12. Simple examination will confirm that Ford's reimbursement claim depends, even after the audit, upon conclusory, top-level summaries loosely supported by conclusory testimony never exposed to cross-examination. It would be highly prejudicial to limit the Government to that information to prepare its defense. Furthermore, a

core question that Ford's submittals cannot answer by definition – and which the Government auditor could not answer – is whether Ford prepared its claim using the best information available under the circumstances. See Howard Indus., Inc. v. United States, 126 Ct. Cl. 283, 115 F. Supp. 481, 487 (1953) ("[P]laintiff has neither produced nor used [available] records in the proof of its case."). Without discovery, we and the Court will simply never know.

Finally, Ford seeks to link the question of whether the Government has good grounds to ask for additional remittance evidence with the issue of whether it would be unduly burdensome for Ford to produce the evidence we may request. Pl. Opp. 14-15. The latter argument is premature. It should, if necessary, be resolved under RCFC 26(c) after we serve our document requests, Ford responds, and counsel confer in accordance with RCFC 37(a)(2)(B). Moreover, even assuming the asserted burden exists, we should have the opportunity to explore through sworn discovery exactly why Ford allowed this situation to arise – by not retaining and segregating the primary payment evidence as it was created – given that Ford has undoubtedly known for more than a decade that it would seek reimbursement from the Government for its Willow Run remediation costs. The latter question, which Ford has never attempted to answer and which bears directly upon the foundation for its claim, is the type of issue that parties are routinely allowed to pursue in civil discovery. There is no reason to deny defendant discovery concerning basic unresolved matters of that nature.[2]

CONCLUSION

For the reasons above, the Court should grant in full our motion for discovery.

---

[2] Ford neither conferred with us about conducting discovery of its own, nor filed a timely motion. Only the Government's motion is pending before the Court. Cf. Pl. Opp. 18 & n.13.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/
DAVID M. COHEN
Director

OF COUNSEL:

JOHN LAURO
Attorney
Air Force Legal Services Agency
Arlington, VA

s/Kyle Chadwick
KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 305-7644

Attorneys for Defendant

September 1, 2005

CERTIFICATE OF FILING

I certify that on September 1, 2005, I filed the attached document by means of the Court's electronic filing system. Service is complete upon filing and parties may access the filing through the Court's system.

s/Kyle Chadwick