# In the United States Court of Federal Claims

No. 99-121C
(Filed September 15, 2005)

| | |
|---|---|
| ************************** | |
| FORD MOTOR COMPANY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| ************************** | |

**ORDER**

This order addresses defendant's pending motion for discovery and plaintiff's opposition thereto. From these submissions, it is not clear to what extent the procedure initiated by the Order, filed January 19, 2005, has limited the items and figures requiring trial proof as damages in this matter. It is clear, however, that defendant is not satisfied that the procedure has provided all the information it deems necessary to formulate its case. The parties have invested considerable time and effort in explanation and investigation of the damage amounts at issue and this investment is expected to produce results. As provided in the January 19, 2005 Order, trial exhibits in the form of schedules must show the items and figures remaining contested so that supporting trial evidence can be so limited.

Defendant seeks a discovery period prior to commencing the exchanges and submissions set forth in ¶¶ 13-18 of Appendix A to the Rules of this Court. Plaintiff, in reliance on the extensive efforts made to date under the January 19, 2005 Order opposes discovery. The fact that information and explanations have not been obtained by formal discovery does not support duplicating the process under RCFC's 26-37.

Defendant, however, asserts a need for additional discovery, presumably, to cover matters for which it has not received information and disclosures. For example, defendant seeks a RCFC 30(b)(6) deposition to explore the extent of records

maintained by or for plaintiff from which the claim in this matter could be developed. Defendant also seeks a complete copy of the GM-Ford Site Exchange Agreement. As defendant acknowledges in its reply, filed September 1, 2005, plaintiff in its opposition has made “all the expected representations” concerning the payments to Dickinson Wright, IT Corporation, and Willow Run Trust Fund, which cover discrepancies cited by defendant. It is assumed that discovery is not sought for matters that have been satisfactorily explained by plaintiff. However, defendant’s point that the amounts claimed by plaintiff are based to a degree on “conclusory testimony,” such as Ms. Coughlin’s determination that 80% of fees are attributable to the bomber plant work at issue, is well taken. To the extent that expert opinion testimony is involved, the disclosure requirements of RCFC 26(a)(2)(B) and appropriate discovery are in order.

Accordingly, it is **ORDERED**:

1. Defendant’s motion for a discovery period, filed July 25, 2005, is **GRANTED** but disclosures and information already obtained shall not be included within the scope of the discovery now sought;

2. Discovery shall be available to either party and the discovery period will terminate on November 15, 2005;

3. With respect to the GM-Ford Site Exchange Agreement, to enable the court to conduct an *in camera* examination, a copy of the Agreement and a redacted copy shall be transmitted by October 3, 2005, directly to chambers in an envelope marked under seal, and pending a further court order, the Agreement shall not be subject to further discovery;

4. Counsel shall confer and on or before November 16, 2005, file a status reports(s) proposing a schedule(s) for the exchanges and submissions required by ¶¶ 13-18 of Appendix A to the Rules.

s/ James F. Merow
James F. Merow
Senior Judge